No. 9297.

### BROWER v. GOODYER ET AL.

FRAUD.—*Sale of Personal Property.*—*Replevin.*—The vendor of personal property, the sale of which has been obtained from him by the fraud of the vendee, may replevy it from the vendee, if the rights of innocent third parties thereto have not intervened.

SAME.— *Concealment of Insolvency.*—*Contract.*—A vendee of goods who, knowing himself to be insolvent, conceals his insolvency from the vendor and buys the property on credit, not intending to pay for it, perpetrates a fraud which will entitle the vendor to disaffirm the contract and replevy the property from his vendee.

SAME.—*Evidence.*—Where, in an action of replevin, there is evidence tending to show that the defendant was insolvent at the time he bought the goods sought to be replevied, not intending to pay for them, it is proper to ask him as a witness what property he owned, the amount of his indebtedness, and kindred questions.

SAME.—*Intention.*—A fraudulent intent may be established by circumstances and need not be proved by direct evidence.

PRACTICE.—*Argument of Counsel.*—A· judgment will not be reversed upon the ground that counsel in argument to the jury deduced and ·stated erroneous conclusions from the evidence.

From the Miami Circuit Court.

*J. L. Farrar, J. Farrar* and *S. D. Carpenter,* for appellant. *R. P. Effinger, H. J. Shirk* and *J. Mitchell,* for appellees.

ELLIOTT, J.—The appellant bought goods of the appellees which they replevied in this action, proceeding on the theory that the property was obtained from them by fraud.

Property obtained by fraud may be replevied by the seller from the buyer. If, however, the rights of innocent third

persons have intervened it is otherwise, in cases where the former intended to transfer title by sale. *Parrish* v. *Thurston*, 87 Ind. 437.

Where there is evidence tending to show that an insolvent dealer bought goods not intending to pay for them, it is proper to ask him, when on the witness stand, what property he owned, what debts he owed, and kindred questions.

A judgment will not be reversed upon the ground that counsel have in argument deduced and stated erroneous conclusions from the evidence. In this case there was evidence tending strongly to show gross dishonesty, and we can not reverse for the reason that counsel stigmatized the conduct of the appellant as robbery, when, in a strict legal sense, the charge was incorrectly made. *Proctor* v. *DeCamp*, 83 Ind. 559; 14 Central Law J. 406.

Where a man, knowing himself to be insolvent, conceals his insolvency from the vendor of goods, and buys the property not intending to pay for it, he perpetrates a fraud which will entitle the seller to reclaim the property. The principle which rules this case is thus stated by the Supreme Court of the United States in *Donaldson* v. *Farwell*, 93 U.S. 631: "The doctrine is now established by a preponderance of authority, that a party not intending to pay, who, as in this instance, induces the owner to sell him goods on credit by fraudulently concealing his insolvency and his intent not to pay for them, is guilty of a fraud which entitles the vendor, if no innocent third party has acquired an interest in them, to disaffirm the contract and recover the goods. *Byrd* v. *Hall*, 2 Keyes, 647; *Johnson* v. *Monell*, Id. 655; *Noble* v. *Adams*, 7 Taunt. 59; *Kilby* v. *Wilson*, Ryan & Moody, 178; *Bristol* v. *Wilsmore*, 1 Barn. & Cress. 513; *Stewart* v. *Emerson*, 52 N. H. 301; Benjamin on Sales, sec. 440, note of the American editor, and cases there cited." In addition to the authorities cited in the opinion from which we have quoted, we refer to *Henshaw* v. *Bryant*, 4 Scam. 97; *Patton* v. *Campbell*, 70 Ill. 72; *Donaldson* v. *Farwell*, 5 Bissell, 451; *Seligman* v. *Kalkman*, 8 Cal. 207;

*Bidault* v. *Wales,* 19 Mo. 36 ; *Dow* v. *Sanborn,* 3 Allen, 181 ; *O'Donald* v. *Constant,* 82 Ind. 212. A recent writer thus states the rule : " In other words, a purchase on credit with a preconceived design on the buyer's part, formed at or before the purchase, not to pay for the thing bought, constitutes a species of fraudulent concealment." 2 Pomeroy Eq., section 906.

A fraudulent intent may be established by circumstances, and need not be proved by direct evidence. In this instance the evidence convincingly shows that the appellant knowingly and fraudulently concealed his insolvency, and that he bought appellees' property intending to defraud them and secure it without paying them the agreed price.

Judgment affirmed.