Filed Nov. 26, 1888.

———————◆———————

No. 13,407.

WRIGHT, GUARDIAN, *v.* MOODY ET AL.

REAL ESTATE.— *Trust.*— *Parol Agreement.*—*Conveyance.*—Mrs. M., while married a second time and holding land obtained in virtue of her first marriage, orally agreed with the only child of her first marriage, a daughter, that they should unite in conveying the land to a third person, who should reconvey to the daughter one-fourth of the land, and reconvey the balance to Mrs. M. and her husband, to be by them held in trust and conveyed to Mrs. M.'s three children by her second marriage. A deed absolute in form was executed to Mrs. M. and her husband, and they conveyed the part deeded to them to two of the children in fee, to

the exclusion of the third. Action by the latter to establish and enforce a trust.

*Held,* under section 2969, R. S. 1881, that no express trust in the land was created by the parol agreement, nor, upon the facts, can a constructive trust be raised; and as the land belonged to Mrs. M., subject to no valid condition, she had the right to dispose of it as she pleased.

From the Shelby Circuit Court.

*T. B. Adams, B. F. Love, L. T. Michener, A. Major* and *H. C. Morrison,* for appellant.

*O. J. Glessner* and *J. Harrison,* for appellees.

MITCHELL, J.—This action was brought by George M. Wright, as guardian of William Moody, an insane person, for the purpose of establishing and enforcing an alleged trust, in certain real estate, against Martha Moody and Fanny Walton, who were alleged to be in possession under a deed, claiming to be the owners in fee simple.

It is averred in the complaint that James F. Rule died intestate in the year 1857, the owner of certain real estate in Shelby county, Indiana, and that his widow, Hester A. Rule, and several children survived him as heirs at law, and that all of his children except Mary B., who intermarried with Robert Clark, died before the year 1883. After the death of James F. Rule, certain parcels of the real estate of which her husband died seized, amounting in all to one hundred and eighteen acres, were set off to his widow, Hester A., who subsequently, in the year 1859, intermarried with William Moody. Of this marriage three children were born, viz., William Moody, the plaintiff's ward, Martha Moody, and Fannie Moody, intermarried with Lyman Walton. It is averred in the complaint that, in the year 1883, Hester A. Moody, being still the owner of the land set off to her as the widow of James F. Rule, entered into a verbal contract with Mary B. Clark, her daughter by the first marriage, by the terms of which it was agreed that the real estate so set off to her should be conveyed by "said Hester A. Moody and William Moody, her husband, and said Mary B. Clark

and Robert M. Clark, her husband, to one James Harrison, in trust, and that one-fourth part in value of said real estate should be reconveyed to said Robert M. Clark and Mary B. Clark by said Harrison, and that the remaining three-fourths part thereof should be reconveyed to said Hester A. Moody and William Moody, her husband, in trust, to be by them conveyed to plaintiff's ward, William Moody, and to Martha Moody and Fannie Walton, in fee, reserving to said Hester A. and William Moody a life-estate therein."

It is averred that a deed was made conveying the land to Harrison, and that the latter conveyed twenty-nine acres thereof, which was estimated to be the one-fourth part in value, to Mary B. and Robert M. Clark, and that the residue was reconveyed, unconditionally and without any declaration of trust, to Hester A. and William Moody.

It is charged in the complaint that Hester A. and William Moody, in disregard of the alleged trust, conveyed the whole of the land, so conveyed to them by Harrison, to Martha Moody and Fannie Walton, who paid no valuable consideration therefor, thereby depriving the plaintiff's insane ward of his share in such lands, and that Hester A. and William Moody, Sr., have since died.

The complaint was held sufficient on demurrer, after which the cause was tried by the court upon issues duly formed, with the result that there was a finding and judgment for the defendants. From the judgment so rendered the guardian prosecutes this appeal, and under the assignment that the court erred in overruling his motion for a new trial, presents a number of questions bringing into review certain rulings of the court concerning the competency of witnesses, and the admissibility of certain evidence offered.

The appellees assign, among other cross-errors, that the court erred in overruling their demurrers to the complaint, thereby presenting as a question whether the facts therein stated are sufficient to constitute a cause of action.

It is obvious that the purpose of the suit was to establish an express trust in land in favor of the plaintiff's ward, who is in the fullest sense a volunteer, so far as respects the payment of any valuable consideration.

In view of section 2969, R. S. 1881, which provides that no trust concerning lands, except such as may arise by implication · of law, shall be created unless in writing, signed, etc., it can hardly be necessary to say that such a trust, unless declared by a writing duly signed, can not be enforced. It is not pretended that the trust alleged in the complaint under consideration was declared in writing. On the contrary, it is expressly averred that the contract between Hester A. Moody and her daughter, Mary B. Clark, was by parol. The land was held by Mrs. Moody in virtue of her previous marriage with Rule, and having married again, and there being one child, Mrs. Clark, alive by the former marriage, she could not, under the prohibition contained in section 2484, R. S. 1881, alienate, except upon condition that Mrs. Clark should join in the deed.

It was thereupon agreed that the mother and daughter, their respective husbands joining therein, should convey the land to Harrison, upon the trust and condition that he should reconvey one-fourth thereof in value to the daughter and her husband absolutely, and the remaining three-fourths to Mrs. Moody and her husband, to be by them held in trust and conveyed to the plaintiff's ward, William Moody, and to Martha Moody and Fannie, in fee, reserving to Hester A. and William Moody an estate therein for their lives. The conveyance was made to Harrison in pursuance of the agreement, and after conveying twenty-nine acres to Mrs. Clark, the trustee conveyed the residue to Mrs. Moody and her husband by an absolute deed. This vested in the grantees a perfect title to the land reconveyed to them, subject to no restraint or condition, except so far as the oral agreement between Mrs. Moody and her daughter affected it.

This agreement and the alleged trust are clearly within the

statute and the numerous decisions of the courts which require express trusts in land to be proved or manifested by writing. The statute is especially applicable in case an executory oral trust is sought to be enforced in favor of a volunteer. *Mescall* v. *Tully,* 91 Ind. 96, and cases cited; *Dunn* v. *Dunn,* 82 Ind. 42; *Fouty* v. *Fouty,* 34 Ind. 433.

If one person, intending to give property to another, vests the property in a trustee, and declares a valid trust upon it in favor of the object of his bounty, the gift is perfected, and the author of the trust loses all dominion over the property, except such as he may have expressly reserved. Where, however, the owner of real estate, without contemporaneously declaring a valid trust, makes a voluntary conveyance to another in pursuance of an oral or imperfect agreement that the latter shall reconvey to the owner, who orally agrees to hold for the benefit of, or to convey to, some third person, upon whom the owner desires to confer the property as a gift, there arises no resulting trust enforceable by the proposed donee. In such a case, until the gift is fully executed and the possession surrendered, the property remains within the direction and under the dominion and control of the beneficial owner.

A court of chancery will not enforce an unexecuted, imperfect trust, in favor of a volunteer. When two persons, for a valuable consideration between themselves, covenant to do some act for the benefit of a volunteer, the latter can not enforce performance of the covenant against the two, although each one might as against the other. *Gaylord* v. *City of Lafayette,* 115 Ind. 423; *Colyear* v. *Mulgrave,* 2 Keen, 81; *Gibbs* v. *Glamis,* 11 Sim. 584; *Garrard* v. *Lord Lauderdale,* 2 Russ. & M. 451 (3 Sim. 1, and note).

Nor is there any room for the application of the doctrine, sometimes resorted to under peculiar circumstances, for the creation of trusts by equitable construction. The element essential to create a constructive trust is, that fraud, either actual or constructive, must have intervened. Such trusts

are raised by courts of chancery only in cases where it becomes necessary to prevent a failure of justice, and in most cases where there is no intention or agreement of the parties to create such a relation. *Cox* v. *Arnsmann,* 76 Ind. 210; *Tinkler* v. *Swaynie,* 71 Ind. 562; 1 Perry Trusts, section 166: 2 Pom. Eq. Jur., section 1044.

Trusts by equitable construction are not ordinarily decreed, however, in cases where there is an attempt to create a trust by express agreement. Whether or not an express trust is enforceable, depends upon the validity of the agreement.

The supposed trust in the present case is predicated entirely upon an oral agreement alleged to have been made between Mary B. Clark and her mother, in reference to a voluntary disposition of the separate property of the latter. There are no facts alleged which give color to a suggestion that it was inequitable, or a fraud upon any one that the mother should dispose of her own land in any way she saw fit. Whatever motive she may have had in requiring it to be reconveyed by Harrison to herself and husband in fee, and in then conveying the fee to the two daughters to the exclusion of the plaintiff's ward, forms no proper subject for inquiry here. It is enough to know that, after the conveyance from Harrison, it was her property, and that the law vested in her the right to dispose of it in any manner she pleased, so long as the purpose for which it was conveyed was not immoral, nor opposed to the policy of the law.

The conclusion at which we have arrived is, that the complaint does not state facts sufficient to constitute a cause of action.

As the judgment was in favor of the defendants on the merits, the conclusion already arrived at renders it immaterial that we consider the errors assigned by the appellant, as in any event there could be no reversal of the judgment.

The judgment is affirmed, with costs.

Filed Nov. 26, 1888.