Filed May 17, 1890.

---

No. 14,294.

## CATALANI ET AL. *v.* CATALANI.

STATUTE OF FRAUDS.—*Real Estate.*— *Verbal Promise to Reconvey.*—*Parol Evidence to Establish a Trust.*—A widow, the owner in fee of certain real estate by descent from her husband, in order to relieve said real estate from the operation of the statute limiting her right to convey the same during a second contemplated marriage, without consideration conveyed the said real estate to the wife of the brother of her intended husband, relying upon the verbal agreement of the wife, her husband assenting, to reconvey the same after the marriage had taken place.    She was in-

duced to make the conveyance through the intimate and confidential relations existing between the parties, and at the earnest solicitation of the grantee and her husband. After the marriage the wife refused to reconvey.

*Held,* that parol evidence was admissible to prove the facts establishing a trust, although the deed was absolute in form, the statute of frauds having no application in such a case, since to apply it would make it an instrument of fraud.

From the Marion Superior Court.

*W. B. Walls* and *G. L. Walls,* for appellants.

*W. W. Herod* and *W. P. Herod,* for appellee.

OLDS, J.—This action was brought by the appellee against Mary Catalani and Nicoli Catalani, appellants. The complaint is in two paragraphs. The first paragraph seeks to recover $2,000, the purchase-money for certain real estate conveyed by the appellee to the appellant Mary Catalani. The second paragraph seeks a reconveyance of certain real estate, situate in Marion county, and conveyed by appellee to the appellant Mary Catalani. The appellants demurred to each paragraph of the complaint, which demurrer was overruled, and exceptions reserved. Issues were joined and a trial had, resulting in a finding and judgment in favor of the appellee for the recovery of the real estate.

Appellants filed a motion for a new trial, which was overruled, and exceptions reserved.

Errors are assigned on the rulings of the court in overruling the demurrer to the complaint, and in overruling the motion for a new trial.

The principal question is presented by the ruling of the court in overruling the demurrer to the second paragraph of the complaint. The second paragraph of the complaint is in substance as follows : It is alleged that on the 2d day of July, 1886, the appellee was the widow of one Michael Pantone ; that upon the death of her husband there descended to her, as such widow, certain real estate, which is described ; that on said 2d day of July, 1886, she contemplated mar-

riage with one Frank Catalani, and that in order to relieve said real estate from the operation of the statute prohibiting her from selling, conveying, mortgaging, or incumbering the same in any way during her second marriage, it was agreed between said appellant Mary Catalani, and appellee, that the appellee should convey said real estate to said Mary Catalani, to be held by said Mary for the use and benefit of the appellee until the appellee should consummate her said contemplated marriage by having the marriage ceremony with the said Frank Catalani performed in due form of law, and upon said marriage taking place the said Mary Catalani and her husband, said Nicoli Catalani, who also assented to said arrangement, agreed to reconvey said real estate back to and vest the title to the same in the appellee; that the present husband of the appellee, said Frank Catalani, is a brother of the said Nicoli Catalani, and said Frank had lived in the family of the said Mary and Nicoli as a member thereof, and that the relations of the said appellee and the appellants and said Frank Catalani were, at and before the time of said conveyance, of a very intimate and confidential character, and the appellee was induced by her present husband and the appellants to believe that she could safely vest the title to the said real estate in said Mary Catalani, and that she would, in good faith, hold said title for, and reconvey, the same back to her as soon as she and said Frank were married; that she in good faith relied upon the integrity and good faith of said Mary, and conveyed said real estate to her as aforesaid; that within a few days after said conveyance the appellee was duly and legally married to said Frank Catalani; and after her said marriage she requested said Mary to reconvey said real estate to her by quitclaim deed, as she had solemnly agreed to do; but said Mary, intending to cheat and defraud this appellee out of said real estate, and to hold the same for her own use and benefit, absolutely refused to convey the same to her; and, though often requested

so to do, still refuses to reconvey the same. Prayer for reconveyance, etc.

It is contended by counsel for appellants that the conveyance is a valid one, and that the paragraph of complaint seeks to show by parol that a deed, absolute upon its face, was made upon the agreement of the grantee to hold the land in trust, and reconvey it to the grantor at a future time upon the happening of a contingency, and that this can not be done ; that such an agreement is within the statute of frauds and can not be proven by parol.

By the demurrer the appellants admit the facts alleged in this paragraph, which show that the appellant Mary received the conveyance and title to the land without any consideration whatever ; that by virtue of the intimate and confidential relations existing between the parties the appellants were enabled to induce, and did by their promises induce, the appellee to rely upon their good faith and honesty and convey the land to said Mary upon an agreement that she would reconvey the same, upon her marriage ; and that she now, with the intent to cheat and defraud the appellee out of the land, and retain the same for her own use, refuses to reconvey the same as she agreed. If, under these circumstances, the appellee was prevented by the statute of frauds from recovering the land, the statute would operate to enable, and be the means of enabling, the appellant Mary to perpetrate a fraud upon the appellee, and it has been repeatedly held that this is not the purpose of the statute of frauds, and that the statute will not be permitted to aid in the perpetration of a fraud. Thus, in the case of *Tinkler* v. *Swaynie*, 71 Ind. 562, it was said by the court : " It has often been held that the statute of frauds shall not be made an instrument of fraud."

*Davies* v. *Otty*, 35 Beavan, 208, is a case where the plaintiff's wife deserted him, in 1844, and left with her paramour. In 1854 the plaintiff, not having heard of his wife since her departure, believed her to be dead, and married a second wife. In 1860 plaintiff was informed that his

first wife was still living, and fearing prosecution for bigamy he made an arrangement with the defendant that the plaintiff should transfer his land to the defendant, which he did, the defendant to hold the same until after he was through with his difficulty, and then to reconvey the same. Plaintiff afterwards learned that the prosecution for bigamy was barred by limitation, and called upon the defendant to reconvey the land to him and the defendant refused, and claimed the land as his own. It was held that the statute of frauds did not apply, and that the plaintiff was entitled to recover. The court, in that case, after stating the facts, say: " This being so, I am of opinion that ' it is not honest to keep the land.' If so, this is a case in which, in my opinion, the statute of frauds does not apply."

In *Damschroeder* v. *Thias*, 51 Mo. 100, it is held that where one acquires title to land by fraud, and by fraud induces the owner to convey to him or acknowledge his title, a court of equity will declare him a trustee for the owner, and that he can not, in such case, invoke the statute of frauds and claim that agreements by which the title was obtained were verbal, and, therefore, void under the statute of frauds, and that the statute of frauds was never intended for the protection of fraud. While this decision probably goes too far, yet we cite it as showing that some courts go farther in the admission of parol evidence than it is necessary to do in this case in order to sustain the complaint.

In 1 Perry Trusts, section 226, it is said : " The statute of frauds is no obstacle in the way of proof of an actual or constructive fraud in the sale of property. Parol evidence is admissible to establish a trust, even against a deed absolute on its face, if it would be a fraud to set up the form of the deed as conclusive." It is further said : " But where a conveyance in trust is made voluntarily, without solicitation or undue influence, a mere promise to hold in trust is within the statute."

But the facts alleged in this case show that the parties

bore a peculiar and confidential relation to each other, and that the appellee was solicited, prevailed upon, influenced, and induced by the appellants to make the conveyance, and it would operate as a fraud to permit the form of the deed to be set up as a defence to the action.

This court has recognized this same doctrine in a number of cases. In *Cox* v. *Arnsmann*, 76 Ind. 210, numerous authorities are cited and quoted from, recognizing the doctrine that where it would operate as a fraud to allow the grantee to rely upon his deed, absolute upon its face, parol evidence will be admitted to prove the facts establishing a trust. Also, in the cases of *Teague* v. *Fowler*, 56 Ind. 569; *Jackson* v. *Myers*, 120 Ind. 504; *McDonald* v. *McDonald*, 24 Ind. 68.

We are of the opinion that the second paragraph stated a good cause of action, and that the demurrer thereto was properly overruled.

The question presented by the overruling of the motion for a new trial is as to the sufficiency of the evidence, and presents substantially the same question as the one presented by the demurrer to the complaint. The evidence supports the finding.

There is no error in the record.

Judgment affirmed, with costs.

Filed May 17, 1890.