Filed April 3, 1891.

------◆------

## No. 14,917.

## MONTGOMERY *v.* CRAIG ET AL.

TRUSTS.—*Husband and Wife.—Conveyance Taken in Wife's Name.—No Implied Trust Resulting From Payment of Purchase-Money.*—Where a conveyance of real estate is taken in the name of the wife, and the purchase-money is paid by the husband, no resulting or implied trust arises in favor of the latter.

SAME.—*Parol Agreement Ineffectual to Create Express Trust.*—A parol agreement between the husband and the wife in such a case that the wife shall hold the land as his trustee, is ineffectual to create an express trust.

From the Jackson Circuit Court.

*O. H. Montgomery*, for appellant.

*B. H. Burrell* and *H. Shirley*, for appellees.

ELLIOTT, J.—It is alleged in the complaint that the appellant, the plaintiff below, purchased the land in dispute in January, 1881; that by an agreement made with his wife, Lucy Montgomery, he caused the conveyance to be made to her; that the land was taken in trust by Lucy Montgomery; that the purchase-money was all paid by the plaintiff; that

Lucy Montgomery died in 1887, and that the appellees are her heirs at law.

As the relation of husband and wife existed at the time the deed was executed, there can be no resulting, or implied, trust. *Lochenour* v. *Lochenour*, 61 Ind. 595.

If it were possible for the plaintiff to succeed in any event, it could only be for the reason that his wife agreed to hold the land as his trustee. Whether she had capacity to make a contract binding her to hold the land as her husband's trustee is a question we deem it unnecessary to decide, inasmuch as our judgment is that a parol agreement between husband and wife, in such a case as this, is ineffective. As no resulting trust can arise, the appellant can not possibly succeed, except upon the theory that an express trust was created in his favor by the parol agreement; but, as the law forbids the creation of an express trust by parol in cases of this character, the only theory upon which it can even be plausibly argued that he can succeed is wholly untenable. *Moore* v. *Cottingham*, 90 Ind. 239 ; *Mescall* v. *Tully*, 91 Ind. 96 ; *Columbus, etc., R. W. Co.* v. *Braden*, 110 Ind. 558 ; *Thomas* v. *Merry*, 113 Ind. 83 ; *Anderson* v. *Crist*, 113 Ind. 65.

This case is not a member of the class represented by the case of *Catalani* v. *Catalani*, 124 Ind. 54, but belongs to an entirely different class. Here, no trust can possibly arise by implication, for no fraud is shown, and the relation of the parties forbids that a trust be implied.

The case made by the complaint is one wherein the plaintiff assumes to overthrow a perfect deed by a bald parol agreement, and this the law will not permit.

Judgment affirmed.

Filed April 10, 1891.