Filed March 13, 1894.

---

No. 16,552.

PETERSON v. BOSWELL ET AL.

TRUST AND TRUSTEE.—*Parol Trust Concerning Lands.*—*When Unenforceable.*—P. and wife, desiring to make a settlement of their property on their children E. and W., and to save the costs of guardianship for W., who was a minor, entered into a parol agreement with E., whereby the title to the whole of certain real estate should be vested in E., she to have an undivided one-half thereof in fee, and that she should hold the other undivided one-half in trust and for the use and benefit of her brother, W., until such time as he should arrive at the age of twenty-one years, and then, at his request, she should, by proper deed, convey the same to him, which she then and there orally promised and agreed with her father and mother and with said W. to do.

*Held,* that such trust agreement comes within the inhibition of section 2969, R. S. 1881, being simply in parol, and is not enforceable.

From the Tippecanoe Superior Court.

*D. P. Vinton* and *H. H. Vinton,* for appellant.
*A. L. Kumler* and *T. F. Gaylord,* for appellees.

COFFEY, J.—In this case the superior court of Tippecanoe county sustained a demurrer to the complaint,

and the appellant, failing to plead further the appellees had judgment for costs.

The only question in the case relates to the correctness of the ruling of the court in sustaining a demurrer to the complaint.

It is alleged, substantially, in the complaint, that on the 1st day of March, 1879, Mathias Peterson and Susan Peterson, then in life, were the father and mother of Ellen Peterson, the appellee, William Peterson, the appellant, and of Mary Peterson, residing in the city of La Fayette, as one family; that their relations then were, and always had been, confidential and affectionate, each one feeling great confidence and trust in the other; that prior to that date the said Mathias and Susan had advanced to Mary her full share of their estate; that on that day Susan Peterson was the owner in fee of certain described real estate in the city of La Fayette, and that neither she nor the said Mathias owned any other real estate, nor did they own personal property exceeding in value three hundred dollars; that on said date the said Susan Peterson was seriously ill and did not, nor did any of her family, expect her to recover, and that all said children being present, and, realizing her critical condition, they talked over the condition of her property, and the rights of her children therein, and it was then and there orally agreed between them all that said Mary had received her full share of the estate, and that all the remainder of their mother's estate should go to, and be owned by, the said Ellen and William Peterson share and share alike, subject to the right of the mother to manage and use the same during her natural life; that it was further agreed, inasmuch as the said William Peterson was then only fifteen years of age and without legal capacity to manage his share of said estate, and to save costs of guardianship, that it would be better to vest the

title in the whole of the real estate then owned by the said Susan Peterson in the said Ellen, she to have one undivided half thereof in fee, and that she should hold the other undivided one-half in trust and for the use and benefit of her brother, William Peterson, until such time as he should arrive at the age of twenty-one years, and then, at his request, she should, by proper deed, convey the same to him, which she then and there orally promised and agreed with her mother and father and the said William to do; that fully relying on said agreement and promise, and believing that she would convey the undivided one-half of said realty to the said William Peterson, on his request, when he should arrive at the age of twenty-one years, and upon no other consideration whatever, the said Mathias and Susan Peterson did, on the 1st day of March, 1879, convey said realty to the said Ellen Peterson by a deed of conveyance absolute on its face; that Susan Peterson departed this life on the 30th day of March, 1879, and Mathias Peterson died on the 14th day of May, 1879; that said Ellen Peterson afterward intermarried with her coappellee, Andrew Boswell, and after the death of her father and mother entered into the possession of said real estate, and has ever since occupied the same, but from the date of said conveyance to July, 1887, she, at all times, acknowledged to her brother, William Peterson, that she held the undivided one-half thereof for his use, and repeatedly promised to convey the same to him; that the said William Peterson became twenty-one years of age in the year 1885, and after so arriving at that age he requested and demanded of the said Ellen that she convey to him the undivided one-half of said real estate, which she refused to do, and now claims to own the whole of the same in fee-simple.

It is to be observed that the appellant in this case does not base his claim to the undivided one-half of the real

estate described in the complaint upon the fact that he is an heir to Susan Peterson, but that he bases it upon a contract between her and the appellee, Ellen Boswell. Whether he is entitled to succeed, therefore, depends upon the question as to whether such contract can be enforced by him.

Section 2969, R. S. 1881, provides that "no trust concerning lands, except such as may arise by implication of law, shall be created, unless in writing, signed by the party creating the same, or by his attorney thereto lawfully authorized in writing."

The trust set out in this complaint, it will be seen, falls clearly within the inhibition of this statute. It has often been held by this court that trusts of the class to which this belongs can not be enforced. *Irwin* v. *Ivers*, 7 Ind. 308; *Rooker* v. *Rooker, Guar.*, 75 Ind. 571; *Mescall* v. *Tully*, 91 Ind. 96; *Wright, Guar.*, v. *Moody*, 116 Ind. 175; *Pearson* v. *Pearson*, 125 Ind. 341; *Montgomery* v. *Craig*, 128 Ind. 48.

So far as respects the payment of a consideration for the land in dispute, the appellant is a mere volunteer. It is well settled that a court of equity will not enforce an unexecuted, imperfect trust in favor of a volunteer. *Wright, Guar.*, v. *Moody, supra; Pearson* v. *Pearson, supra.*

The elements necessary to create a constructive trust are absent. It is not claimed that the appellee used any undue influence or fraud to procure an absolute conveyance to be made to her. The most that is claimed is that it would operate as a fraud upon the appellant to permit the appellee to hold this land under the facts alleged, but as much might be said of any other case where an absolute grantee holds land in violation of a parol trust. If this were a ground for enforcing a parol trust, the above statute would become a dead letter.

The case of *Catalani* v. *Catalani*, 124 Ind. 54, is an extreme case, but it is distinguishable from the case now under consideration in that the appellee, in that case, was not a mere volunteer.

In our opinion, the court did not err in sustaining a demurrer to the complaint in this case.

Judgment affirmed.

