## MURRAY *v.* MURRAY.

[No. 18,616.   Filed May 23, 1899.]

DIVORCE.—*Adjudication of Property Rights.—Husband and Wife.*— The court, in an action for divorce, has jurisdiction to determine and adjust all property rights between the parties, and a decree of divorce in such case constitutes an adjudication of all such rights. *p. 15.*

TRUSTS.—*Husband and Wife.—Divorce.—Cross-Complaint.*—A cross-complaint filed by the husband in a divorce proceeding, seeking to enforce a trust in certain lands, alleging that he paid the purchase money, and the land was conveyed to the wife, under an oral agreement, without any fraudulent intent, that she would hold the land in trust for him, does not state facts sufficient to show that she held same in trust for him. *pp. 14-16.*

DIVORCE.—*Trusts.—Husband and Wife.—Cross-Complaint.*—A cross-complaint filed by the husband in a divorce proceeding to recover money alleged to have been left by him with the wife for safe keeping, and certain goods and chattels alleged to be the property of the husband, which the wife wrongfully took and converted to her own use, is sufficient to withstand a demurrer. *pp. 14-16.*

From the Benton Circuit Court. *Reversed.*

*Daniel Fraser* and *William H. Isham*, for appellant.

*Dawson Smith, B. B. Berry* and *G. H. Gray*, for appellee.

MONKS, J.—Action by appellee against appellant for divorce. Appellant filed a cross-complaint to enforce a trust in certain lands, for which it is alleged he paid the purchase

money, and which were conveyed to appellee under an oral agreement, without any fraudulent intent, that she would hold the land in trust for him, and also to recover money alleged to have been left with appellee by appellant for safekeeping, and certain goods and chattels alleged to be the property of appellant, which appellee wrongfully took and converted to her own use. A demurrer for want of facts was sustained to the cross-complaint, and upon the trial of said cause the court found for appellee, and granted her divorce. The errors assigned call in question the action of the court in sustaining the demurrer to the cross-complaint.

The court, in an action for a divorce, has jurisdiction to determine and adjust all property rights between the parties, and a decree of divorce in such case constitutes an adjudication of all such rights. *Walker* v. *Walker*, 150 Ind. 317, 325, 327, 328, and cases cited; *Behrley* v. *Behrley*, 93 Ind. 255, and cases cited; *Glaze* v. *Citizens Bank, etc.*, 116 Ind. 492. It was held, however, by this court, in *Montgomery* v. *Craig*, 128 Ind. 48, that, when the relation of husband and wife exists at the time the deed is made, there can be no resulting or implied trust, under the facts alleged. The court, by Elliott, J., said: "As the relation of husband and wife existed at the time the deed was executed, there can be no resulting or implied trust. *Lochenour* v. *Lochenour*, 61 Ind. 595. If it were possible for the plaintiff to succeed in any event, it could only be for the reason that his wife agreed to hold the land as his trustee. Whether she had capacity to make a contract binding her to hold the land as her husband's trustee, is a question we deem it not necessary to decide, inasmuch as our judgment is that a parol agreement between husband and wife, in such a case as this, is ineffective. As no resulting trust can arise, the appellant can not possibly succeed, except upon the theory that an express trust was created in his favor by the parol agreement; but, as the law forbids the creation of an express trust by parol in cases of this character, the only theory upon which it can

even be plausibly argued that he can succeed is wholly untenable."

It is true that the case of *Montgomery* v. *Craig, supra,* was decided before the act of 1881, enlarging the rights of married women, took effect; but it will be observed that whether the wife then had the capacity to make a contract to hold land as trustee for her husband was not decided, because such a trust could not be maintained, even if a married woman had the capacity to make such a contract. It follows, therefore, from what was said in that case, that the facts alleged in the cross-complaint in regard to said real estate do not show that appellee held the same in trust for appellant. See *Rose* v. *Rose,* 93 Ind. 179, 182, 183; *Basye* v. *Basye,* 152 Ind. 172. The allegations concerning the money left by appellant with appellee for safe-keeping, and the goods and chattels, were sufficient to withstand a demurrer. The judgment on the cross-complaint is therefore reversed, with instructions to overrule the demurrer to the cross-complaint, and for further proceedings not inconsistent with this opinion.