520    APPELLATE COURT OF INDIANA,

Scandinavian-American Trading Co. *v.* Skinner—56 Ind. App. 520.

## SCANDINAVIAN-AMERICAN TRADING COMPANY *v.* SKINNER, RECEIVER.

[No. 8,375.   Filed June 24, 1914.]

1. SALES.—*Rescission by Seller.—Fraud.*—A seller of goods may assume that the purchaser will pay, and the act of an insolvent purchaser, who, knowing that he is insolvent, purchases property with the formed and preconceived intention of not paying, constitutes such fraud upon the seller as will enable him to rescind the contract, even though no fraudulent representations were made.  p. 522.

2. SALES.— *Rescission by Seller.— Fraud.—* Whether there was fraud on the part of an insolvent purchaser so as to warrant the seller in rescinding depends upon the intent of the purchaser not to pay, which is a fact to be proved as any other fact, and though inferable from other facts proven, such intent can not be inferred alone from proof that the purchaser at the time knew of his insolvency and did not disclose it to the seller.  p. 522.

3. SALES.—*Rescission by Seller.—Fraud.—Burden of Proof.*—In a seller's action to rescind and to recover goods sold on the ground of fraud, the seller has the burden of proving the fraudulent intent of the purchaser not to pay.  p. 522.

4. APPEAL.—*Review.—Findings.*—To warrant the court on appeal in setting aside the finding of the trial court in a seller's action to rescind on the ground of fraud, to the effect that there was no fraudulent intent by the purchaser not to pay, such intention must have been established as a fact, or facts must have been proved by undisputed evidence from which such intention must be inferred as a matter of law.  p. 522.

5. TRIAL.— *Findings.— Questions for the Court or Jury.—* Where the undisputed facts are susceptible to but one reasonable inference, such inference is one of law; otherwise the inference is one of fact for the court or jury trying the issues of fact, and in such case the court on appeal will not disturb the finding on the evidence.  p. 523.

From Elkhart Superior Court; *Vernon W. VanFleet,* Judge.

Action by the Scandinavian-American Trading Company against Earnest S. Skinner, Receiver of the Valley Paper Company.  From a judgment for defendant, the plaintiff appeals.  *Affirmed.*

. MAY TERM, 1914.     521

Scandinavian-American Trading Co. *v.* Skinner—56 Ind. App. 520.

*W. B. Hile* and *Deahl & Hammerschmidt,* for appellant.
*P. L. Turner* and *I. H. Church,* for appellee.

LAIRY, J.—On April 12, 1910, the Valley Paper Company entered into a contract with appellant whereby the latter was to ship the former eighteen tons of Mitscherlict unbleached sulphite, an imported material used in the manufacture of paper. The Valley Paper Company received the shipment of sulphite in accordance with the contract about April 20, 1910, and on April 25, 1910, the treasurer of the paper company filed a complaint and petition for the appointment of a receiver for the corporation on the grounds of insolvency. The Valley Paper Company filed its answer admitting that it was insolvent and a receiver was immediately appointed. On May 4, 1910, appellant brought this suit against the receiver to replevy the shipment of sulphite. An affidavit for delivery was filed with the complaint and, proper steps being taken, the material was turned over to appellant. The issues formed by the complaint and a general denial were tried by the court which found that the receiver was the owner of the property in question and entitled to the possession thereof, that the property should be returned to the receiver and that its value was $1,126.50. A motion for a new trial was filed by appellant and overruled and judgment was rendered in favor of appellee.

The only error assigned on appeal is that the trial court erred in overruling appellant's motion for a new trial which motion was based upon the grounds that the decision of the court was contrary to law and was not sustained by sufficient evidence. The only evidence given at the trial was that introduced in behalf of appellant. Appellant, by its evidence seeks to show a rescission of the contract of sale on the grounds of fraud. The evidence shows a demand for a return of the property sold; and, if it further shows such a state of facts as would justify a rescission of the contract on the ground of fraud, the appellant was entitled to a finding in its favor. There is no claim that any fraudulent rep-

522    APPELLATE COURT OF INDIANA,

Scandinavian-American Trading Co. v. Skinner—56 Ind. App. 520.

resentations were made by the paper company as to its financial standing or responsibility, but this is not necessary in all cases. It has been held that in all sales the seller has a right to assume that the purchaser intends to pay for the goods purchased, and that when an insolvent purchaser with knowledge of his insolvency, purchases property on credit, with the preconceived and formed intention of not paying for them, this constitutes such a fraud upon the seller as will enable him to rescind the contract. *Levi* v. *Kraminer* (1891), 2 Ind. App. 594, 28 N. E. 1028; *Tennessee Coal, etc., R. Co.* v. *Sargent* (1891), 2 Ind. App. 458, 28 N. E. 215; *Brower* v. *Goodyear* (1883), 88 Ind. 572.

The crucial test of fraud in such a case is the intention on the part of the insolvent buyer at the time of the sale of not paying the purchase price. The intention is a fact to be determined as any other fact in the case. It may be inferred from the facts proved, but the fact that the purchaser was insolvent, and knew that fact at the time of the purchase, and concealed it, or did not disclose it to the purchaser, does not of necessity give rise to the inference that he did not intend to pay the purchase price. It is proper for the court or jury trying the issue of fact to consider such facts, if proved, together with any other facts in evidence bearing upon the question, for the purpose of determining whether the purchaser at the time of the sale, intended to pay for the goods purchased.

The burden rested upon appellant to prove that at the time of the sale of the property in question, the agents of the paper company, engaged in the transaction, entertained the fraudulent intent of not paying the purchase price. Upon this question, the court found against appellant, and this court is asked to set aside the finding on the ground that it is not sustained by the evidence on this point. To justify this court in setting the finding aside on this ground, such intention

must be established as a fact, or facts must be proved by the undisputed evidence from which such intention must
be inferred as a matter of law. If the undisputed
5. facts are of such a character that only a single infer-
ence can be drawn by any reasonable mind, the inference is one of law, but where the facts are such that reasonable minds might draw opposite inferences, the inference to be drawn is one of fact to be determined by the judge or jury trying the issues of fact. *Darter* v. *Grubb* (1914), *ante* 206, 102 N. E. 843.

The issues of fact in this case were tried by the court without the intervention of a jury. The court failed to find as a fact that the agents of the paper company did not intend to pay for the property purchased at the time it was ordered, and this court can not say as a matter of law that the inference of fact drawn by the court was not justified by the evidence. The facts disclosed by the evidence were such that fair and reasonable minds might differ as to the proper inference to be drawn therefrom. Where the undisputed facts are of such a character that two opposite inferences may be rightly and reasonably drawn therefrom by fair and reasonable minds, and where the court or jury which tried the issues of fact below has found a fact as a result of one of such inferences, this court can not set aside such finding on the evidence.

It would not be profitable to review the evidence at length. It is sufficient to say that the evidence has been carefully considered and the court regards it as amply sufficient to sustain the finding. Judgment affirmed.

NOTE.—Reported in 105 N. E. 784. As to rescission of sale for fraud in purchase on credit, see 18 Am. St. 362. On the right to rescind contract of sale for fraud in obtaining credit, see 14 L. R. A. 264. As to the title secured by one purchasing goods with knowledge that he can not pay for them, see 44 L. R. A. (N. S.) 1; 23 L. Ed. U. S. 993. See, also, under (1) 35 Cyc. 134; (2, 3) 35 Cyc. 157; (4) 3 Cyc. 363; (5) 38 Cyc. 1532.