Westphal *v.* Heckman—185 Ind. 88.

---

WESTPHAL *v.* HECKMAN ET AL.

[No. 23,110.    Filed June 9, 1916.]

1.  TRIAL.—*By Court.*—*Failure to Find.*—*Effect.*—It is the province of the trial court to draw the proper inference from the facts proved and thus to find the ultimate or inferential fact, and the failure to find the ultimate fact must be deemed a finding against the party having the burden of proof.    p. 93.

2.  EVIDENCE.—*Presumptions.*—*Confidential Relations.*—*Undue Influence.*—In certain legal and domestic relations such as attorney and client, principal and agent, husband and wife, and parent and child, the law raises a presumption of trust and confidence on one side and a corresponding influence on the other, and where one occupying the superior position in such a relation deals with the other so as to obtain a substantial advantage, the law will presume that improper influence was exerted and that the transaction is fraudulent.    p. 93.

3.  EVIDENCE.—*Presumptions.*—*Undue Influence.*—The presumption of undue influence indulged in where a substantial advantage is obtained by one holding the superior position, in a legal or domestic relation of trust or confidence, arises from the fact of such relation alone, proof of which establishes *prima facie* that the dominant party to such relation occupies a position of trust and confidence which he must not abuse.    p. 94.

4.  EVIDENCE.—*Confidential Relations.*—*Undue Influence.*—*Presumptions.*—*To Whom Applied.*—The rule that where one occupying the superior position in a legal or domestic relation of trust or confidence obtains a substantial advantage he is presumed to have exerted undue influence is invoked only as against the one who is assumed to be the dominant party in the relationship shown.    p. 94.

5.  EVIDENCE.—*Presumptions.*—*Undue Influence.*—*Parent and Child.*—In the relation of parent and child the presumption as to the exercise of undue influence in obtaining a substantial advantage is applied only against the parent, since, in such relationship, he is assumed to be the dominant party, and where one seeks to show that the child is the dominant party, he must produce substantive evidence from which such fact may be inferred.    p. 94.

Westphal *v.* Heckman—185 Ind. 88.

6. DEEDS.—*Validity.*—*Undue Influence.*—*Presumptions.*—No presumption of invalidity because of the exercise of undue influence arises from the fact that a father conveyed all his real estate to his son without consideration, and in the absence of a finding that the son exerted undue influence over, or perpetrated fraud upon, the parent, the deed cannot be set aside as having been obtained by fraud or undue influence. pp. 95, 98.

7. TRUSTS.—*Oral Trusts.*—*Statute.*—Under §4012 Burns 1914, §2969 R. S. 1881, providing that no trust concerning lands, except those arising by implication of law, shall be created unless in writing, signed by the party creating the same, or by his attorney thereto lawfully authorized in writing, an express parol trust cannot be impressed upon lands conveyed by a deed absolute on its face. p. 96.

8.—TRUSTS.—*Constructive Trusts.*—*Statute.*—Constructive trusts, since they arise by implication of law, do not come within the operation of §4012 Burns 1914, §2969 R. S. 1881, providing that no trust concerning lands shall be created unless in writing, except such as may arise by implication of law. p. 97.

9. TRUSTS.—*Constructive Trusts.*—*Fraud.*—A constructive trust arises where the transaction involved is tainted with fraud, actual or constructive, and in such cases equity will construct a trust to do justice to the parties affected by the fraudulent transaction. pp. 97, 98.

10. TRUSTS.—*Constructive Trusts.*—*Fraud.*—A parol agreement to hold land in trust will not be enforced primarily as such, but where the original transaction, in which the deed to the land was obtained, was tainted with fraud, or the conveyance obtained by undue influence, courts, in the exercise of their chancery powers, will construct a trust and hold the wrongdoer responsible as trustee. p. 97.

11. DEEDS.—*Validity.*—*Fraud.*—*Effect.*—Where fraud is inherent in a transaction which results in the execution of a deed, such fraud renders the whole contract, including the deed, voidable. p. 97.

12. TRUSTS.—*Constructive Trusts.*—*Fraud.*—Where fraud is in-inherent in a transaction resulting in the execution of a deed given with a parol trust agreement, equity will either set aside the deed and contract, when such action will satisfy the equitable requirements of the situation, or it will construct such a trust, with the fraudulent grantee as trustee *maleficio*, as will subserve, under the circumstances of the particular case involved, the ends of justice and fair dealing. p. 97.

13. TRUSTS.—*Constructive Trusts.*—*Fraud.*—*Evidence.*—*Parol Agreement.*—In determining whether a transaction resulting in the conveyance of land is so tainted with fraud as to warrant the court in establishing a constructive trust to protect the interest of those concerned, a parol agreement between the grantor and the grantee

concerning the disposition of the land may be considered as an element in determining the question of fraud.   p. 98.

14.   TRUSTS.—*Constructive Trusts.—Fraud.—Oral Agreement to Hold Land in Trust.—Breach.*—A constructive trust cannot be declared unless the facts found are sufficient to show actual or constructive fraud, and the mere fact that a grantee in a deed absolute on its face orally agreed to hold the land in whole or in part for the benefit of another, and that he later refused to carry out such agreement, does not constitute such fraud as will justify a court in declaring and enforcing a constructive trust.   p. 99.

15.   TRUSTS. — *Constructive Trusts. — Evidence. — Sufficiency.* — The fact that a father reposed confidence in a son to whom he conveyed land without consideration, under grantee's oral promise to hold the land in trust for another, is insufficient to show such fraud as will warrant a court of equity in declaring a constructive trust, where there was no finding either that the son abused such confidence so as to improperly influence, mislead or overreach the father, or that their relations were such that the exercise of improper influence could be presumed, or that the grantee, at the time of the conveyance, had formed the purpose to obtain the land for his own benefit and that he entered into the oral agreement to deceive the grantor as to his purpose and to secure the execution of the deed.   p. 100.

16.   TRIAL.—*Findings of Fact.—Facts not Found.—Effect.*—Facts not found in a special finding amount to a finding, as to such omitted facts, against the party having the burden of proof. p. 102.

17.   TRUSTS.—*Constructive Trusts.—Burden of Proof.—Evidence.*— Where land has been conveyed under an oral agreement to hold in trust and there has been a failure to comply with such agreement, the burden rests upon those seeking to establish a constructive trust to show fraud or undue influence as inherent in the contract resulting in the conveyance.   p. 102.

18.   DEEDS. — *Validity. — Fraud. — Undue Influence. — Evidence. — Parol Agreement to Hold in Trust.—Statute.*—In an action to establish an interest in lands conveyed without consideration by father to a son, under an oral promise to hold in trust for the plaintiffs, where the facts found do not show fraud or undue influence inherent in the transaction coexistent with, or antecedent to, the execution of the deed, nor is fraud or undue influence a necessary inference from such facts as found, the deed is not voidable, and the parol trust attempted to be engrafted thereon fails, since it falls clearly within the inhibition of the statute (§4012 Burns 1914, §2969 R. S. 1881).   p. 102.

From  Marion  Circuit  Court  (18,483); *Charles Remster*, Judge.

Action by Emma Heckman and another against Louis Westphal. From a judgment for plaintiffs, the defendant appeals. *Reversed.*

*Lucius B. Swift,* for appellant.
*Daniel Waite Howe, George H. Batchelor* and *John W. Claypool,* for appellees.

LAIRY, J.—Henry Westphal was the father of appellant and appellees. A few days before his death he conveyed all of his real estate, of the value of about $3,000, to his son to the exclusion of his two daughters. Appellees brought this suit to recover an interest in the land and succeeded in the trial court. There is some controversy between appellant and appellees as to the theory upon which the case was tried below. Appellant contends that the purpose of the suit as disclosed by the complaint and special findings was to set aside the conveyance from Henry Westphal to appellant upon the ground of fraud and undue influence, while appellees contend that the purpose was to declare and enforce in their favor a constructive trust in the lands so conveyed. The conclusions of law and the decree indicate that the trial court proceeded upon the theory indicated by appellees, but, in view of the conclusion reached by this court, the thoery becomes unimportant.

The court found the facts specially and pronounced its conclusions of law thereon. The only questions presented on appeal arise upon the exceptions by appellant to the conclusions of law and upon the motion for a new trial, upon the ground that the findings are not sustained by the evidence. The special finding is quite lengthy but it will not be necessary to set out more of the facts so found than are required to present clearly the questions before the court for decision. The

special finding shows that at the time Henry Westphal executed the deed to appellant, he was about sixty-seven years of age, and that he was unable to read or write; that he could make simple computations mentally, but that he could not compute interest or make other mathematical calculations requiring the use of figures; that he possessed certain peculiarities and eccentricities which are stated in the finding, but that he was of sound mind at the time he executed the deed to appellant; and that he was able to understand the business in which he was engaged and the scope and effect of the deed. The finding further shows that for some time before the execution of the deed in question appellant had been counseled by his father in reference to the transaction of certain business, and the appellant had frequently advised his father in reference to business transactions, and that he looked after the collection of rents and the payment of taxes and assisted his father in other business transactions set out in the finding, including the sale of three acres of ground to a railroad company as a location for the company's shop. The latter transaction involved considerable negotiations and resulted in a sale to the company for the price of $3,500, of which sum the father received $1,369, and the balance was distributed among his children and the children of his deceased wife by a former marriage. Appellant turned over to his father the sum of $200 of his share of the money and the father applied all of the money received by him to the payment of his debts. The court finds that the father had confidence in his son, but it is not found as a fact that the son at the time the deed was executed possessed an undue or overpowering influence over his father. Facts are found from which the trial court might have drawn the inference

that, on account of his age and the state of his health, and on account of the other facts found, the father's mind was weak and susceptible to influence, and that the son had gained a dominant influence over his father, and that he exercised the influence thus obtained and took an advantage of the confidence reposed in him for the purpose of inducing his father to make the conveyance in question. These ultimate inferential facts are not stated in the special finding and it is not found that the father executed the deed as a result of an influence which the son exercised over him and which he had not sufficient power to resist.

It is the province of the trial court to draw the proper inference from the facts proved and thus to find the ultimate or inferential fact, and

1.    the failure to find the ultimate fact must be deemed a finding against the party having the burden of proof. It thus appears that the facts found do not show that the conveyance in question was obtained by the actual undue influence of the son over the father. It remains to be considered whether the mere fact that the deed was made from a father to his son without any consideration gives rise to a legal presumption that the son possessed an undue influence over his father.

There are certain legal and domestic relations in respect to which the law raises a presumption of trust and confidence on one side and a

2.    corresponding influence on the other. The relations of attorney and client, principal and agent, husband and wife, and parent and child belong to this class and there may be others. Where such a relation exists between two persons and the one occupying the superior position has dealt with the other in such a way as to sustain a sub-

stantial advantage, the law will presume that improper influence was exerted and that the transaction is fraudulent. *Keys* v. *McDowell* (1913), 54 Ind. App. 263, 100 N. E. 385, and cases there cited.

This so-called presumption, when indulged, arises out of relations which exist between the contracting parties regardless of any facts or circumstances having a tendency to show that a confidence was reposed by one of the parties and an influence gained by the other. Proof of the existence of such a relation between the parties establishes *prima facie* that the dominant party to such relation occupies a position of trust and confidence which he must not abuse. This rule, however, is applied only as against the one who is assumed to be the dominant party in the relation shown. In the relation of parent and child the parent is assumed to be the dominant party, and, where one seeks to show that the child is the dominant party, he must do so by showing that the condition and situation of the parties, their treatment of each other, and other circumstances from which such ultimate fact may be inferred, and unless such fact is found by the court or jury trying the issue he cannot prevail. This court has held that no presumption of fraud or undue influence arises in a case of a conveyance from a parent to a child on account of the mere existence of such relation. In the case of *Teegarden* v. *Lewis* (1895), 145 Ind. 98, 40 N. E. 1047, 44 N. E. 9, it was said, "Cases of this kind plainly turn upon the exercise of actual undue influence, and not upon any presumption of invalidity." 2 Pomeroy, Eq. Jurisp. §962; 1 Bigelow, Law of Fraud 357; *Saufley* v. *Jackson* (1856), 16 Tex. 579; *Wessell* v. *Rathjohn* (1883),

89 N. C. 377, 45 Am. Rep. 696; *Beanland* v. *Bradley*
(1854), 2 Smale & G. 339; *Tenbrook* v. *Brown*
(1861), 17 Ind. 410; *Slayback* v. *Witt* (1898), 151
Ind. 376, 50 N. E. 389; and cases there cited.
Under these authorities, the fact that the con-
veyance in question here was made by Henry
Westphal to his son without any con-
6. sideration raises no presumption of in-
validity, and the finding does not show that
actual fraud or actual undue influence was exerted
by the son over the father in order to procure the
execution of the deed. It is therefore apparent
that the deed could not be set aside upon such
facts upon the ground that it was obtained by
fraud, coercion or undue influence.

It is asserted by appellees that facts found by
the court in finding No. 14 are sufficient, when
taken in connection with other facts found, to
sustain the conclusion of law made by the court to
the effect that appellant took the real estate in
question by the deed from his father to be held in
trust for his own benefit and for the benefit of
his two sisters, share and share alike. The part
of finding No. 14 which bears directly upon the
question here presented finds substantially the
following facts: That at the time of the
execution of the deed in question it was the purpose
and intention of Henry Westphal, the father, that
the real estate conveyed to appellant should
belong to him and to his two sisters, appellees
herein, share and share alike, and that appellant
at the time knew this purpose and intent on the
part of his father; that appellant, the grantee,
encouraged and induced his father to believe
that he, as grantee, assented to such purpose, intent
and understanding of his father in making such

conveyance, and that he intended to carry out the same; that the grantor did believe at the time he executed the deed that the grantee would hold such real estate in trust for himself and his two sisters; and that he was induced by such belief to make such conveyance to his son alone, when otherwise he would have made it to his three children, share and share alike.

Appellant claims that these facts so found show nothing more than an attempt to create a trust in land by parol, and he relies upon the proposition that an express trust in lands can not be created by parol contract. §4012 Burns 1908, §2969 R. S. 1881. *Pearson* v. *Pearson* (1890), 125 Ind. 341, 25 N. E. 342; *Stonehill* v. *Swartz* (1891), 129 Ind. 310, 28 N. E. 620. Appellees take the position that such facts should be considered in connection with other facts specially found which show the relation of father and son, and that by reason of such relation, and by reason of other facts stated in the finding, the father at the time of the conveyance reposed confidence in his son; and that, when so considered, they are sufficient to show a constructive trust in favor of appellees, and that the conclusion of law to that effect is warranted by the facts found.

Section 4012 Burns 1914, *supra*, provides: "No trust concerning lands, except such as may arise by implication of law, shall be created, unless in writing, signed by the party creating the same, or by his attorney thereto lawfully authorized in writing." In applying this statute, the courts have universally held that an express parol trust can not be impressed upon lands conveyed by deed absolute on its face. *Mescall* v. *Tully* (1883), 91 Ind. 96; *Montgomery* v. *Craig*

(1891), 128 Ind. 48, 27 N. E. 427. Constructive trusts do not fall within the provisions of this statute, but are excluded therefrom by the exception of such trusts as may arise by implication of law. A constructive trust arises in cases where the transaction involved is tainted by fraud, actual or constructive. In such cases, in order to prevent the wrongdoer from reaping a benefit from his fraud, a court of equity will construct a trust such as equity and good conscience requires in order to do justice to the parties affected by the fraudulent transaction. In such cases the court does not act upon and enforce parol agreements to hold land in trust as the primary thing. It is the fraud or undue influence connected with the original transaction which justifies the court in constructing a trust and holding the wrongdoer responsible as a trustee *maleficio. Randall v. Constans* (1885), 33 Minn. 329, 23 N. W. 530; *Perkins v. Cheairs* (1872), 2 Baxt. (Tenn.) 194. If the fraud is inherent in the transaction which results in the execution of the deed, such fraud renders the whole contract, including the deed, voidable. When fraud is shown in such a case, the court will not enforce the contract as made, but it will set aside the contract and deed when such a course will meet the ends of justice. If the ends of justice can not be attained by setting aside the deed, a court of equity will suffer the title to rest in the fraudulent grantee as a trustee *maleficio*, and such a trust will be constructed by the court as will subserve the ends of justice and fair dealing. It thus appears that the trust which is enforced is not, in theory at least, the parol trust attempted to be made by the parties,

but is a constructive trust created by the court to meet the emergency of the situation arising out of the fraud. *Patton* v. *Beecher* (1878), 62 Ala. 579; *Moseley* v. *Moseley* (1888), 86 Ala. 289, 5 South. 732; *Bohm* v. *Bohm* (1885), 9 Colo. 100, 10 Pac. 790; *Biggins* v. *Biggins* (1890), 133 Ill. 211, 24 N. E. 516. Where a parol agreement has been entered into as a part of the transaction such agreement may be considered as an element in determining the question of fraud, and where it appears that actual fraud or undue influence entered into and influenced the deed, will or other transaction under investigation, or, if from the relation of the parties and the facts proven or found, fraud or undue influence can be presumed as a matter of law, the court will declare and enforce a constructive trust against the wrongdoer if the ends of justice can be attained in that way.

In the former part of this opinion the court has held that undue influence can not be presumed from the fact alone that the father conveyed all of his real estate to his son without consideration, thus excluding his other children. It is now called upon to decide whether the other facts found, when considered in connection with these facts, show that such a fraud was practiced upon the father as justifies the court in declaring a constructive trust in favor of appellees. The decisions of this court and other courts bearing upon the question are very conflicting, and we have been unable to discover any legal or equitable principle which can be so applied as to reconcile the decisions. An examination of the following cases which we cite will demonstrate that there is a conflict of authority in our own State. *Wright* v. *Moody* (1888), 116 Ind. 175, 18 N. E. 608; *Peterson*

v. *Boswell* (1894), 137 Ind. 211, 36 N. E. 845;
*Orth* v. *Orth* (1896), 145 Ind. 184, 42 N. E. 277,
44 N. E. 17, 32 L. R. A. 298, 57 Am. St. 185; *Bonham*
v. *Doyle* (1906), 39 Ind. App. 438, 77 N. E. 859,
79 N. E. 458; *Cox* v. *Arnsmann* (1881), 76 Ind. 210;
*Catalani* v. *Catalani* (1890), 124 Ind. 54, 24 N. E.
375, 19 Am. St. 73; *Myers* v. *Jackson* (1893),
135 Ind. 136, 34 N. E. 810; *Giffen* v. *Taylor* (1894),
139 Ind. 573, 37 N. E. 392; *Murray* v. *Murray*
(1899), 153 Ind. 14, 53 N. E. 946; *Ransdel* v. *Moore*
(1899), 153 Ind. 393, 53 N. E. 767, 53 L. R. A. 753.

We think that the facts shown by the part of
finding No. 14 to which we have referred show that,
at the time the deed was executed, the son knew
that the father intended that the real estate de-
scribed therein should go to him and his two
sisters, and that he agreed with his father to hold
the land, which the deed conveyed to him absolute-
ly, in trust for himself and appellees. This agree-
ment rested in parol as there is no finding that it
was ever reduced to writing as part of the deed or
otherwise, and it does not appear that anything
was omitted from the deed which was intended to
be embodied in the writing. To enforce this agree-
ment would be to impress a trust created by parol
upon a deed absolute on its face.

A constructive trust can not be declared un-
less the facts found are sufficient to show actual
or constructive fraud. The mere fact that
14. appellant refused to carry out the contract
made with his father can not surely constitute
fraud, any more than a failure to carry out any
other contract would amount to a fraud.

To withdraw a case from the operation of the
statute on account of the violation of an oral
agreement to hold in trust, which the statute
provides shall not be made except in writing, is

to annihilate the statute. If the trust does not exist, then the refusal to carry it out would be no fraud, and proof of the existence of a parol trust is the thing which the statute forbids. If the refusal to comply with a parol agreement, by which an attempt is made to impress a trust on a title, is a fraud which takes the case out of the statute, then no case can be within it, for a party would have only to allege and prove that a person who made such a contract by parol has refused to comply with his agreement, which he must do in every case, or there would be no necessity in resorting to a court of equity to enforce the trust, and a case to which the statute does not apply would be made out. The mere fact that a grantee in a deed absolute on its face orally agreed to hold the land in whole or in part for the benefit of another, and that he later refused to carry out such agreement, does not consititute such a fraud as will justify a court in declaring and enforcing a constructive trust.

The further fact found that the father reposed confidence in the son is not enough to show that a fraud was practiced. The grantor who conveys real estate to another by a deed absolute on its face upon the parol promise of the grantee to hold it in trust for the grantor or another, must always repose confidence in such grantee; for it can not be supposed that any person in his right mind would trust another in whom he did not have the utmost confidence to carry out an agreement of this kind. In addition to a finding that the grantor reposed confidence in the grantee, it must further appear that the grantee, at or before the time of such conveyance, abused the confidence reposed in such a way as to improperly influence the grantor, or to mislead or overreach him, and thus to obtain

an unconscionable advantage for himself; or the relations shown between the grantor and the grantee must be of such a character that the exercise of such improper influence can be presumed as a matter of law. It does not appear from the finding in this case that at the time the conveyance was made, or prior thereto, appellant exercised any improper influence which controlled the free will of the grantor, or that the grantor was at the time misled or deceived by any statement or promise of the grantee as .to his present purpose or intent. The finding does not show that at the time the conveyance was made the grantee intended to obtain the title to the land by means of the promise, and then to hold it for his own use and benefit, and that he then had the formed intention of not carrying out this promise. Such facts, if found, would show a fraud inherent in the transaction which would render it voidable from its inception, and which would be sufficient to justify a court of equity in annulling the whole contract and in declaring a constructive trust. We find no authority which justifies the application of the principle just announced to a case such as the one at bar, but the principle has been frequently applied in cases where a purchaser of personal property had the fixed intention of not paying the purchase price at the time of the contract of sale, and we can see no reason why the principle should not be applied in a case such as this. *Scandinavian, etc., Co.* v. *Skinner* (1914), 56 Ind. App. 520, 105 N. E. 784; *Tennessee, etc., Co.* v. *Sargent* (1891), 2 Ind. App. 458, 28 N. E. 215; *Levi* v. *Kraminer* (1891), 2 Ind. App. 594, 28 N. E. 1028; *Brower* v. *Goodyer* (1883), 88 Ind. 572.

Facts not found in a special finding amount to a

finding, as to such omitted facts, against the party having the burden of proof. The

16. burden rested upon appellees to establish fraud or undue influence as inherent in the contract which resulted in the conveyance.

17. The failure to find that, at the time of the conveyance, appellant had no intention to perform the promise made to the grantor, and the failure to find that he at that time intended to hold the title for his own use and benefit, amounts to a finding against appellees as to such facts.

Such facts do not follow as a necessary

18. inference from the other facts found. The facts found do not show any fraud or undue influence inherent in the transaction coexistent with, or antecedent to, the execution of the deed. In the absence of such fraud, the deed is not voidable. The conveyance stands, but the trust attempted to be engrafted thereon by parol fails. Such an attempt to create a parol trust in lands falls clearly within the inhibition of the statute.

The court is of the opinion that the ends of justice would be subserved by granting a new trial. Judgment is accordingly reversed, with directions to the trial court to grant appellants motion for a new trial.

NOTE.—Reported in 113 N. E. 299. Refusal of court to make requested findings, effect, 7 Ann. Cas. 380. Presumption and burden of proof as to undue influence respecting gifts *inter vivos* from parent to child, 35 L. R. A. (N. S.) 946; 17 Ann. Cas. 991; Ann. Cas. 1915D 711. Creation of constructive trusts in lands by parol, 115 Am. St. 786; 2 Ann. Cas. 778; 39 Cyc 169, 170. Sufficiency of evidence to establish constructive trust, Ann. Cas. 1916D 1194; 39 Cyc 191.