## SHIPLEY v. SHIPLEY.

[No. 5,566. Filed May 16, 1906.]

1. TRUSTS. — *Parol.* — *Husband and Wife.* — *Real Property.* — A trust is not created by the husband's securing conveyances of real estate which he paid for to be taken in the wife's name upon an oral promise by her to reconvey to him when the purchase price was fully paid, such agreements being made prior to the act of 1881 (Acts 1881, p. 527). p. 50.

2. FRAUDULENT CONVEYANCES.—*Setting Aside.*—*Husband and Wife.*—Where a wife by fraud secures the legal title to her husband's real estate, the same may be set aside. p. 52.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Suit by Mary E. Shipley against John P. Shipley. From a decree for plaintiff, defendant appeals. *Affirmed.*

*Stuart, Hammond & Simms* and *Charles E. Thompson,* for appellant.

*J. Frank Hanly* and *Will R. Wood,* for appellee.

MYERS, J.—Appellee began this suit in the court below against appellant, demanding a divorce.

The questions here presented for decision and not waived are predicated on the ruling of the court in sustaining appellee's motion to strike out a part of appellant's second paragraph, and in sustaining appellee's demurrer to the third paragraph of his cross-complaint. Appellant's second paragraph avers their marriage in 1873; that they lived together as husband and wife in Tippecanoe county, Indiana, with certain exceptions, until the latter part of January, 1902, and, after averring grounds for a divorce, alleges in substance the following, which on motion was stricken out: That at the time of the marriage appellee was the owner of three and one-fourth acres of land in Tippecanoe county, Indiana, of the probable value of $30 per acre; that after said marriage appellant purchased from time to time tracts of real estate adjacent to that of appellee, aggregating fifty-three acres, and has by his individual means fully paid for the same; that the title to all of said real estate so purchased was, at appellee's request and upon her promise to hold the same as trustee, conveyed to her, with and upon the express understanding, contract and agreement made and entered into by and between appellant and appellee at the time the conveyances and each of them were procured and so made, that she would take and hold the title to the same in trust as trustee for appellant until the same was fully paid for, and upon payment by him of the full purchase price she would convey to appellant, by proper and sufficient deed or deeds of conveyance, all said real estate so purchased, and vest in him the absolute title thereto; that also, as a part of said contract and agreement, appellant, from the time of such purchases, was to have the full possession, use and control thereof; that said agreement was entered into without any fraudulent intent on the part of either, and at the time of such agreement appellant was not indebted to any person in any amount in excess of the

property then owned and held by him, subject to execution, except for purchase money for said real estate, and which was amply secured by mortgages thereon; that by said agreement appellant took and had possession of all of said real estate so purchased, and received all the rents and profits therefrom, and cared for said property as his own from the time of its purchase until said separation, when appellee took charge of the same, and has since continued in possession thereof, in violation of her trust as such trustee; that appellee held the same in trust for appellant by virtue of their agreement and not otherwise; that appellant has no other property; that the same is the result of his earnings while he so lived with appellee, including $1,000 received from his father's estate; that the present reasonable cash value of the same is $3,820; that he relied upon the promise and agreement upon the part of appellee, and had said property conveyed to her and in her name as trustee; that prior to the bringing of this suit he demanded from appellee a conveyance of said real estate to him in accordance with said agreement, which appellee refused, and she has at all times refused to join appellant in conveying said property to a third person, to be transferred to him in carrying out and fulfilling said trust; that appellee, in violation of her said trust, now claims to be the exclusive owner of the real estate, and that appellant has no right, title or interest therein.

The third paragraph avers practically the same facts as are averred in the second, relative to the marriage, the purchase of and paying for the property, manner in which the title was held, demand and refusal to convey, etc.

Upon these facts appellant earnestly insists that appellee became the trustee of a resulting trust in favor of appellant; that the agreement made contemporaneously with

1. the conveyances did not operate to create an express trust, but that its effect was simply and solely to rebut the presumption that the conveyances were intended

as a gift or advancement, and that when that presumption was overcome, a trust resulted by implication of law.

From the facts appearing in the case at bar, we are not advised as to the time when the agreements and conveyances set out in the cross-complaint were made. If prior to the legislative enactment in force September 19, 1881 (Acts 1881, p. 527), then clearly the cases of *Montgomery* v. *Craig* (1891), 128 Ind. 48, and *Murray* v. *Murray* (1899), 153 Ind. 14, would control the decision of this case.

It has been judicially declared that a married woman may, in writing, become trustee for her husband and be compelled to execute her trust (*Moore* v. *Cottingham* [1883], 90 Ind. 239) ; but by the cases of *Montgomery* v. *Craig, supra,* and *Murray* v. *Murray, supra,* it is held that as between husband and wife there can be no resulting or implied trust. The two cases last cited were considered and decided long after the legislature had abolished all disabilities of married women to contract except in two classes of cases, neither of which includes the case at bar. One of these cases exhibits a contract made prior to said legislative enactment, while the opinion in the latter does not disclose the date of the contract then under consideration. Applying the law as announced in the latter two opinions to the facts in this case, together with the elementary principle that all presumptions must be indulged in favor of the proceedings and judgment of the trial court, our conclusion must be with the appellee.

The question of the rights of the parties upon the facts as disclosed by this record, limited to our present statutory provision relative to the ability of married women to contract, is not before us, and on this question we therefore express no opinion.

Our attention has been called to many cases, some of which belong to that class where the wife has obtained the

title to land from her husband through fraud or deception. In that class the courts have universally set such titles aside and reinvested the husband with it, not on the theory of a resulting trust, but because of the fraud practiced on him, rendering the title thus procured invalid and void. A number of these cases have been collected and quoted from in the case of *Basye* v. *Basye* (1899), 152 Ind. 172. The case now before us does not proceed upon the theory of fraud or deceptive influences exerted on the husband by the wife, whereby he was induced to have the property conveyed to her, but depends solely upon her agreement made at the time of receiving the conveyances, and is therefore an action purely to enforce a trust.

If we are correct in our theory of this case, there is no error in the record.

Judgment affirmed.