Myers *v.* Jackson *et al.*

No. 16,325.

## MYERS *v.* JACKSON ET AL.

TRUST AND TRUSTEE.—*Resulting Trust.—Naked or Nominal Trust.—Conveyance by Husband and Wife without Consideration.—Parol Agreement to Reconvey Part to Wife.*—Where a husband and wife join in the conveyance of the husband's lands by a deed absolute upon its face, to one A., without consideration, with the agreement and understanding between the grantors and the grantee that the grantee should immediately reconvey an undivided one-third of the same in fee simple to the wife, and that he should hold the other two-thirds in trust for the husband until a certain debt owing by the husband to him should be paid, but failed and refused to reconvey the one-third thereof to the wife, and died not having reconveyed said one-third to the wife, A. will be deemed to have held the undivided one-third in trust for the wife, and the trust being a mere naked or nominal one, the law puts the title at once in the beneficiary; the ownership of the one-third was never in A., and the one-third, at his death, did not descend to his heirs; and the wife is entitled to have her interest in the lands set off to her.

SAME.—*Statute of Frauds.—As a Cover for Fraud.—Parol Evidence.*— The statute of frauds can not be used as a cover for fraud, and trusts such as above set out may be proved by parol evidence.

From the Washington Circuit Court.

*J. R. East, J. Giles, W. Farrell, J. A. Zaring* and *M. B. Hottel,* for appellant.

*W. Crook* and *M. F. Dunn,* for appellees.

HOWARD, J.—This is the second appeal in this case. *Jackson* v. *Myers,* 120 Ind. 504.

The amended complaint is in four paragraphs, and the only error assigned is the sustaining of the demurrers to the several paragraphs.

In the first paragraph appellant states, that she is the owner and entitled to the possession of the undivided one-third part, in her own right, of certain lands described; that the defendants, the appellees, have possession of the same without right, and refuse to allow ap-

pellant to take possession of said lands, and have unlawfully kept her out of possession of the same for eleven years last past, to her damage, etc.

It is said that the kind of interest claimed by appellant is not sufficiently stated. So far as this paragraph goes, the action is one for possession under the code, and the pleadings will be "liberally construed with a view to substantial justice between the parties." If the simple allegation of ownership be indefinite or uncertain, the court may require the pleading to be amended in this particular. Section 376, R. S. 1881.

Similar complaints have frequently been held good. *Lash* v. *Perry*, 19 Ind. 322; *Cromie* v. *Hoover*, 40 Ind. 49; *Vance* v. *Schroyer*, 82 Ind. 114; *Swaynie* v. *Vess*, 91 Ind. 584.

It is also contended that the paragraph is bad for the reason that the action is by one tenant in common against her cotenants, and there is no averment that the defendants deny the plaintiff's right to the land, nor any act averred equivalent to such denial. We think that the authorities relied upon, *Bethell* v. *McCool*, 46 Ind. 303, and *Vance* v. *Schroyer*, 77 Ind. 501, are both against appellees' contention.

The paragraph states that the defendants in possession "'refuse to allow plaintiff to take possession of said lands," and that "they have unlawfully kept plaintiff out of possession of the same for eleven years last past." This sufficiently states that "the tenant in actual occupancy has denied the right of his cotenant, or done something equivalent to such denial, or amounting to an ouster of the cotenant," as held necessary in *Vance* v. *Schroyer, supra.*

While it is necessary that the provisions of the statute be complied with in order to render the complaint good against demurrer, yet, as said in *Swaynie* v. *Vess, supra,*

"it is not necessary to use the exact words of the statute. It will be sufficient if words of similar import are used, or the averments of the complaint be such as to show the plaintiff's right to such possession, and the defendants' unlawful detention."

The second paragraph of the complaint states, that on the 3d day of May, 1872, the appellant was, and now is, the wife of Peter Myers, and on that day the said Peter Myers was the owner, in his own right, of certain described lands; that on said day the said Peter Myers and this appellant, without any fraudulent intent, and by the solicitation of one John Holland, and for the betterment of the inchoate interest of appellant, and for the purpose of placing the title of the one undivided one-third of said lands in appellant and retaining the possession thereof, conveyed all the above lands to said John Holland, who paid no consideration therefor, but who took the title to said lands for the purpose of reconveying the same to appellant; that after receiving such conveyance said Holland wrongfully and fraudulently set claim to said land as his own property in fee simple and declared himself the owner thereof; that in 1875 the said Holland departed this life, leaving the appellees as his only heirs at law, who are also claiming title to said land and now hold possession thereof without right; that prior to the death of said John Holland appellant demanded a deed of conveyance and possession of said land, which he refused, and that prior to the bringing of this suit she demanded of appellees a deed and possession of said lands, which they refuse, and wrongfully assert absolute ownership of the same; that they have committed waste; that she is the owner in fee simple of said lands, and demands judgment for possession and damages, etc.

The third paragraph is similar to the second, with the additional averments that the said Peter Myers, husband

of appellant, was of feeble mind, and intrusted all his business to said John Holland, who was on the most intimate terms with appellant and her said husband; that the said Holland well knew the condition of the mind of the said Peter Myers; that long prior to said date the said Holland had been the adviser, counsellor, and close neighbor of appellant and her said husband, and at said date, and long prior thereto, the relations of appellant and her husband with said Holland were of a very intimate and confidential character; that at said date the said Holland induced the said Peter Myers and this appellant to believe that he, the said Peter, would become the security for one Daniel Myers, and others, until he would lose his entire farm and deprive his family of a home; that at said time the said John Holland held an indebtedness of his own against the said Peter Myers for $2,341.50; that the said Holland then represented to appellant that if the said Peter Myers and this appellant would join in a deed to him of all of said land, he, the said Holland, would immediately reconvey to appellant the undivided one-third of all of said land, and hold the other two-thirds in trust for said Peter Myers until he should pay said indebtedness to said Holland; that said indebtedness was so paid in September, 1874; that on said 3d day of May, 1872, appellant placing full reliance and confidence in the statements of said John Holland, and believing that he, in good faith, would hold said lands for her benefit and reconvey the same, and without any consideration being paid by the said Holland, she and her husband executed a deed absolute on its face for the entire tract of land, but which, she says, was then agreed to be a deed of use for her benefit and to pass the title of one-third of said lands to this appellant. Alleging also a partition of the lands of

John Holland amongst his heirs, the appellees, in which suit appellant and her husband were not made parties.

The fourth paragraph alleges the same facts substantially. Also, that at the date of the deed to Holland, Peter Myers was desirous of conveying the undivided one-third of his lands to the appellant, his wife, and entered into an agreement with the said Holland to take the title of said land and to reconvey the undivided one-third thereof to appellant; that said agreement was made at the solicitation and inducement of said Holland, who was then and there an intimate friend of appellant and her said husband, who transacted the business of said Peter Myers as a friend and confidential adviser, and in whom they placed full confidence that he would reconvey said undivided part of said lands to appellant; that there was no consideration other than such reconveyance to her; that said Holland paid no consideration whatever for said undivided one-third of said land; that it was further agreed that said Holland was to have no power of disposition or management of said lands, except to make the deed to the one-third part thereof as herein set forth; that in violation of the trust reposed in him the said Holland set up a claim as absolute owner of said lands and ejected her husband therefrom. Asking for judgment of possession of her one-third of said lands; that her title be quieted thereto, for waste and damages and for partition.

Counsel for appellees plead, with much skill and ingenuity, against the sufficiency of these paragraphs of complaint. They claim that appellant has been guilty of laches in not bringing her suit earlier; that fraud can not be pleaded after six years; that the ejection of Peter Myers and appellant from their farm should be held conclusive against appellant; that the agreement to reconvey the one-third of said land should have been in writing,

Myers *v.* Jackson *et al.*

and there was no demand made on Holland to reduce such agreement to writing; that the action is stale and worn out; that the deed to Holland, being absolute on its face, is conclusive against appellant; that, at most, Holland was guilty of a moral wrong, a failure to keep his promise. Counsel, however, adduce no reasons why the facts disclosed in the three paragraphs under consideration do not show good causes of action to declare a trust, as claimed for appellant in the undivided one-third part of the lands in question. The action, being for the recovery of the possession of real estate, is brought in time.

From the facts, as pleaded, and admitted by the demurrers, it appears that, by agreement, and without any fraudulent intent, the party to whom the conveyance was made, John Holland, was to hold an undivided one-third interest in the lands, in trust, to reconvey the same to appellant, who, as consideration therefor, had parted with her inchoate interest in the whole of said lands. For the purposes of this suit, it is immaterial what has become of the remaining two-thirds of the lands; we are here concerned only with the resulting trust in the one-third in favor of the appellant. She is not claiming any part of the two-thirds to which she parted with her inchoate right in exchange for the ownership in her own right of the one-third.

The consideration for a resulting trust, provided for in section 2976, R. S. 1881, may be not only money, but anything of value. 10 Am. and Eng. Encyc. of Law, p. 9, and authorities cited.

Appellant's inchoate interest, in this case, in the lands of her husband, was, unquestionably, in itself, a thing of value; moreover, had the debt of her husband to John Holland been pressed to judgment and execution against the land, such inchoate interest would have vested in

her, and she would have been entitled to have her one-third set off to her by partition.

The facts pleaded further show that this was a naked or mere nominal trust. John Holland paid nothing for the one-third of the land; he had no right of possession and no control over it, except to reconvey the same to the appellant. In such case, the law puts the legal title at once in the beneficiary. Section 2981, R. S. 1881.

The ownership of this one-third was never in John Holland, and has not descended to his heirs.

The statute against frauds can not be used as a cover for fraud, and it has often been decided, in conformity with the provisions of section 2969, R. S. 1881, that resulting trusts, such as that claimed in this case, may be proved by parol. *Elliott* v. *Armstrong*, 2 Blackf. 198; *McDonald* v. *McDonald*, 24 Ind. 68; *McCollister* v. *Willey*, 52 Ind. 382; *Teague* v. *Fowler*, 56 Ind. 569; *Derry* v. *Derry*, 74 Ind. 560; *Cox* v. *Arnsmann*, 76 Ind. 210; *Catalani* v. *Catalani*, 124 Ind. 54; 1 Perry Trusts, sections 124 and 226. See, also, *Prow* v. *Prow*, 133 Ind. 340, 32 N. E. Rep. 1121.

One of the causes assigned for demurrer is that the husband, Peter Myers, was not joined with appellant as plaintiff. He had no interest in the land in question, and was therefore not a necessary party plaintiff.

The judgment is reversed, with instructions to over-rule the demurrers to the several paragraphs of the complaint, and for further proceedings in accordance with this opinion.

Filed Sept. 26, 1893.