Dismissed and affirmed July 5, on motion of appellant reinstated
October 10, on the merits affirmed November 28, 1911,
rehearing denied February 6, 1912.

## NORTH AMERICAN SECURITIES CO. *v.* COLE.

[118 Pac. 1032.]

CONTINUANCE—REFUSAL OF CONTINUANCE—ABUSE OF DISCRETION.

1. The refusal of a continuance, on the ground of the absence of
material witnesses, was not an abuse of discretion, where the affidavits
in support of the continuance showed no reason why plaintiff believed
the absent witnesses would testify as alleged, and there seemed to be
a concerted action on the part of plaintiff and others to prevent a
trial upon the merits of the case.

ESTOPPEL—EQUITABLE ESTOPPEL—ESTOPPEL IN PAIS.

2. Where the owner of land contracted to sell it to the promoter
of a corporation, the contract being assigned to the corporation, after
its organization, and a deed to the property was put in escrow until
payment was made, the failure of the owner to notify plaintiff, another
corporation, which financed the original corporation and purchased part
of its stock, does not estop him from suing the original company for
the price of his land; the deed having been wrongfully delivered.

ESTOPPEL—ESTOPPEL BY DEED.

3. The owner of land, under a contract to sell, executed a deed
reciting the payment of the consideration and delivered it in escrow
to be held until the payment of the price. The grantee, a corporation,
obtained delivery of the deed without paying the price, and it was
recorded. After recordation, plaintiff, a second corporation, financed

the first corporation, and purchased part of its stock. *Held,* that the owner of the land was not estopped from maintaining an action for the price against the grantee despite the recitals in his deed that the consideration had been paid.

From Malheur:   DALTON BIGGS, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit by the North American Securities Co. against Leonard Cole to enjoin defendant from prosecuting an action at law; the same being the case of *Leonard Cole* v. *Willow River Land & Irrigation Co.,* 60 Or. 594 (118 Pac. 1030), decided at this date. The facts out of which that litigation arose preface our opinion in that case. The additional facts necessary to a correct understanding of the present contention are as follows:

Plaintiff claims that it is a large stockholder in the Willow River Land & Irrigation Company; that it has entered into a contract to finance the company by selling its bonds; that before doing so it caused an examination to be made of the records of Malheur County; that a conveyance was there recorded, from Cole and his associates, to the lands and water rights mentioned in the statement prefixed to the case of *Cole* v. *Willow River, etc. Company,* in which it was stated that the grantors had received full payment by the company of the purchase price for the land and water rights therein described.   Plaintiff further alleges that Cole was in the employ of the company and active in his efforts to induce plaintiff to invest in its undertakings, and was frequently in consultation with plaintiff's agents, in regard to the conditions and title of the property of the Willow River Company, and that he never at any time informed such agents that he had any claim against the company, but by his acts and statements led plaintiff's agents to believe that he had been paid for the interests conveyed by him and his associates, and stated to one

of the agents that he had been paid in full for his land; that such statements were made with intent to mislead plaintiff; that it has thereby been misled to its great damage; that the Willow River Company has no means of paying a judgment, except from the sale of its property; that plaintiff, in order that the company may be enabled to continue in business and carry out its project, will be compelled to advance money to pay any judgment that Cole might recover, and, as a stockholder, will be compelled to pay 50 per cent of any judgment obtained by Cole in the premises; and that the Willow River Company has no defense to the action at law.

Motion to dismiss for want of equity in the bill was overruled. Defendant answered, and on January 23, 1911, when the case was called, plaintiff moved for a continuance on the ground of the absence of material witnesses. The motion was overruled and the trial proceeded, resulting in a decree in favor of defendant. Plaintiff appeals.                                    AFFIRMED.

For appellant there was a brief over the names of *Mr. George E. Davis, Messrs. Wheeler & Hurley* and *Messrs. Richards & Haga,* with an oral argument by *Mr. Haga.*

For respondent there was a brief over the names of *Mr. Morton D. Clifford, Mr. A. A. Smith, Mr. John L. Rand* and *Mr. William H. Packwood, Jr.,* with oral arguments by *Mr. Clifford* and *Mr. Smith.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. Assuming, without deciding, that the complaint states facts sufficient to constitute a cause of suit, the testimony of the witnesses, mentioned in plaintiff's affidavit for a continuance, would have been in some degree material; but the affidavits are vulnerable to the

same objection suggested in the case of *Cole* v. *Willow River, etc. Company,* 60 Or. 594 (118 Pac. 1030) just decided. They give no reasons why counsel expect to prove by the witnesses named the facts that they assume they will testify to. If they have stated to the affiant or to any person that these facts existed or have communicated the substance of the alleged testimony to affiant by letter or telegram, or in any way, the court should have been informed of the source of affiant's information and the grounds of his belief that the absent witnesses would, if present, testify as he says he believes they will. It is true the affidavit states that affiant bases his statement upon letters or telegrams received by him from the alleged witnesses upon other subjects, but such alleged letters and telegrams are not appended or the substances of them stated. While the court might perhaps have overlooked this defect, there was no abuse of discretion in its refusal to do so. The original case had been pending for several months, and it was only after the court had refused to continue it for the term that this suit was filed, which was evidently done for the purpose of securing, by temporary injunction, the same results sought by the previous motion for continuance. Under these circumstances, it is not a source of surprise that the court insisted upon a prompt trial. It would, perhaps, have been difficult for plaintiff, in the original suit, to have given an undertaking for an attachment and have thus secured the final payment of his claim. A man who has, as the complaint here alleges, but a small amount of property, cannot find on every street corner friends who will go upon his bond for $20,000, and even a corporation, which is able to achieve an indebtedness of $1,000,000, may possibly become insolvent. No doubt the circuit court, with the whole history of this litigation before it, considered all the matters in arriving at its final conclusion—to try the case promptly.

On the merits, it appears to our satisfaction that Brogan, the original promoter of the Willow River Company, procured the contract with Cole for the conveyance of the land in question with the intent to turn it over to the Willow· River Company when it should have been legally organized; that after the organization he assigned the contract to the company, and, by agreement between the company and Cole, the quitclaim deed to the property was executed in its favor and deposited in the bank in escrow to be delivered when the purchase money. was paid; that Brogan, acting for the Willow River Company, persuaded the cashier of the bank to deliver the deed, caused it to be recorded without Cole's knowledge or consent, and thereafter represented to plaintiff that the land was paid for.

The contention that there was a subsequent oral agreement that the payments were not to be made until the litigation between the Willow River Company and Cole should have been settled is not sustained by the preponderance of the testimony.

In the first place, it is not in the ordinary course of business that a transaction, involving so large an amount of money, and a radical change in a written contract, should be made verbally and without witnesses.   In the second place, the alleged terms of the contract are improbable.

Counsel frankly states in his affidavit for continuance that it was expected that the litigation would consume practically the entire amount of Cole's claim for purchase money.   In brief, we are asked to believe that, if he were finally to be declared owner of the property, its value would be taken by the Willow River Company for attorney's fees and expenses. If the courts decided adversely to his claim, he lost entirely. If he was not sucked under in the Charybdis of defeat, he was to be swallowed to satisfy the hunger of the legal Scylla for fees and disbursements.

2. He denies the contract and Brogan's letters of September 8, 1908, written several months after the deed had been recorded, does not allude to any such agreement, but states that he is trying to market bonds to pay him his money. The agreement was never made. Cole's silence when the agents of plaintiff were making their examination of the condition of the Willow River Company would not itself estop him from claiming a sum due him from the company. He explains that he supposed that the agents knew all about the contract, as they certainly would if Brogan had acted honestly and fairly by them. Besides, it was of record and must have been called to their attention in the course of their investigations.

Judge Lowery testified that Cole stated to him, while he was examining the titles to the property of the Willow River Company that he had been paid for the property; and that Cole afterwards admitted this in the presence of Mr. Rand. In this he is contradicted by both Cole and Rand.

3. The fact that Cole's deed recites payment of the consideration does not estop him from asserting that it has not in fact been paid. As between the parties it is *prima facie* evidence that the consideration has in fact been paid. 13 Cyc. 614, and cases there cited. But as against strangers to the instrument such recitals are not even evidence of payment of the consideration. 13 Cyc. 614.

Now, were Cole seeking to enforce a vendor's lien against the property transferred through him, plaintiff, as subsequent mortgagee, might well urge the recital in his deed by way of estoppel; but Cole has not sought to impose a specific lien against the property conveyed. All he seeks is a personal judgment against the corporation which owes him money, and, in the absence of actual fraud practiced by him upon plaintiff to its injury,

it cannot be allowed to interpose in an action between him and his debtor on the ground that by an examination of certain records it was led to believe that the debt had been paid, and therefore extended to Cole's debtor a credit which it would otherwise have withheld.

The decree is affirmed.                    AFFIRMED.