Argued October 8, reversed October 20, rehearing denied December 1, 1914.

## COOK v. PORTLAND.

(144 Pac. 120.)

**Municipal Corporations—Public Improvements—Assessments—Hearing.**

1. Where objections were filed to a reassessment ordinance, for errors of law and raising questions of fact, and the council, without any determination of the questions involved, on the next day referred the proposed ordinance and objections to a committee which, after delay, advised the overruling of all the objections, which was done without further hearing, and without making any findings respecting the facts, it was error.

[As to mode of procedure governing municipal or other board in exercising judicial functions, see note in Ann. Cas. 1915B, 1083.]

From Multnomah: HENRY E. McGINN, Judge.

Department 2. Statement by MR. JUSTICE BURNETT.

This is a writ of review by George H. Cook and others to determine the regularity of the proceedings of the council of the City of Portland in attempting to make a reassessment for the improvement of Karl Street from the east line of Milwaukée Street to the west line of East Twentieth Street, in that city; a former assessment having been declared void by the judgment of the Circuit Court of Multnomah County in a proceeding similar to this. The plaintiffs complain here, among other things, that the Circuit Court erred "in refusing to examine the record and in announcing that the proceedings of the city would be presumed regular, that it was useless to rehash these reassessment proceedings over and over, and that the court would decide such cases in favor of the city, and thereupon, without hearing counsel further or examining the record herein, ordered and adjudged that the writ of review herein be and the same is hereby quashed," etc. From this judgment the plaintiffs appeal.          REVERSED. REHEARING DENIED.

For appellants there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

For respondents there was a brief over the names of *Mr. Lyman E. Latourette* and *Mr. Frank S. Grant,* with an oral argument by *Mr. Latourette.*

MR. JUSTICE BURNETT delivered the opinion of the court.

It is disclosed by the record that the city published notice of its purpose to pass a reassessment ordinance to cover the expenses of the improvement named, and

that the plaintiffs filed their objections to the proposed action setting forth many errors of law and others based on questions of fact. At the time and place appointed for hearing, the council, without any determination at all of the questions involved, adjourned until the next day, when the proposed ordinance and the objections were referred to a committee. This committee, after considerable delay, reported in general terms advising the overruling of all the objections. The council, without making any findings respecting the facts involved, ignored the objections and passed the ordinance. No notice was given of any proposed action of the council after the first one already mentioned.

Much space in the plaintiffs' brief is devoted to the discussion of the action of the Circuit Court in declining to hear argument on the question and summarily dismissing the writ. In the view we take of this case it is not necessary to consider this question. In refusing to make specific findings on the questions of fact involved in the objections and in disposing of all the objections both of law and of fact by a mere *omnibus* denial of them, the council was in error as decided by this court in *Hochfeld* v. *City of Portland*, 72 Or. 190 (142 Pac. 824). The principles involved in this case and in that are identical, and our decision there is controlling here. The substance of that precedent is that in such cases the taxpayer who must meet the expenses of public improvements is entitled to know for what he is taxed and to have nothing charged against him except what has been actually expended. It is the duty of the council to defend the citizen against willful violations of contracts and the omission of work agreed to be done in making public improvements. It is for the protection of the taxpayer that

the provisions of law involved have been enacted. In short, he is entitled to a record showing in detail for what he is taxed and the items going to make up the burden imposed. This is a matter which the council cannot delegate for final action to a mere committee, nor dismiss with a wave of the hand. It is required to make and place its findings on record for the information of those compelled to contribute to the expense involved.

The conclusion is that the decision of the Circuit Court dismissing the writ is reversed and the cause remanded, with directions to instruct the defendants to give the notice required by the charter and ordinances of the city for hearing objections appearing in the record and to proceed to the determination of them in accordance with this opinion.

REVERSED.   REHEARING DENIED.

MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.

MR. CHIEF JUSTICE McBRIDE dissents.