Argued May 7, affirmed May 22, 1917.

## TONEY *v.* TONEY.

(165 Pac. 221.)   .

**Deeds—Recital of Consideration—Contradiction.**

1.   Where a deed is attacked on the ground of fraud or imposition, the recital of a consideration therein is only *prima facie* evidence that the consideration has in fact been paid; a fraudulent grantee cannot tie the hands of a court of equity by inserting in the deed such a recital contrary to the fact.

> [As to consideration merely nominal in deed as affecting the question whether a gift was intended, see note in 65 **Am. St. Rep.** 798.]

**Trusts—Resulting Trusts—Conveyance Without Consideration.**

2.   Where property is conveyed without consideration, and the circumstances unequivocally rebut the presumption of a gift, equity will charge the grantee with a resulting trust in favor of the grantor.

**Husband and Wife—Conveyance—Presumption of Gift—Circumstances Rebutting.**

3.   Where a wife sued her husband for divorce, their married life having been infelicitous, and he contested the suit, being obliged to provide his wife with suit money, and, after decree of divorce for the wife, she sued out execution, and compelled her husband to pay the money adjudged to be due her with costs, and later the wife attached an interest which the husband had in a millinery store, and seized some of his clothing and personal effects, and carried it away with her, and demanded that he pay her $50 as a consideration for its return, the circumstances were such as to clearly rebut the presumption that the husband intended to make a gift to his wife when

he conveyed to her, without consideration, property worth about $6,000.

### Deeds—Intoxication—Sufficiency of Evidence.

4.   In a suit by a divorced husband to set aside a deed to his wife on the grounds that it was executed without consideration when he was intoxicated, and was a victim of fraud, artifice and imposition, evidence *held* to show that the wife defrauded and imposed on her husband, taking advantage of him when he was intoxicated, pursuant to a design to despoil him of all his property.

### Cancellation of Instruments—Inadequacy of Consideration.

5.   Inadequacy of consideration may be so gross as to shock the conscience, and in such case equity will seize on slight circumstances of fraud and oppression as a ground for setting aside the transaction, a principle applicable to a transfer without any consideration, where the relations of the parties preclude the conclusion that a gift was intended.

From Baker: GUSTAV ANDERSON, Judge.

This is a suit by Jesse D. Toney against Alta E. Toney and another to set aside a deed.   From a decree in favor of plaintiff, defendant Alta E. Toney appeals. Affirmed.

In Banc.   Statement by MR. JUSTICE McCAMANT.

This is a suit brought to set aside a deed executed by plaintiff in favor of appellant on the 7th of September, 1915, to Lot 6 in Block R, Lot 9 in Block F, and Lots 4, 7 and 8 in Block L, in the townsite of Haines, Baker County; the said deed also purports to transfer to appellant some furniture and household goods and an automobile.   It appears that plaintiff and appellant were married in November, 1911.   That in October, 1914, appellant brought suit for divorce against plaintiff.   The suit was contested.   A decree was passed on the 25th of June, 1915, granting appellant a divorce, giving her a money judgment for $1,063.33 and a one-third interest in the property in dispute in this case, all of which belonged to plaintiff prior to the date of the said decree.   Appellant was also given by the decree, a one-ninth interest in 280

acres of land in Baker County, an undivided one-third interest in which had belonged to plaintiff. Immediately after the entry of the decree in her favor appellant issued execution, levied on plaintiff's property and forced payment of her money judgment. Appellant subsequently sold to plaintiff's brothers her undivided interest in the 280 acres of land, receiving therefor $1,667. On the 31st of August appellant brought suit against plaintiff for the partition of the property involved in this litigation, and a few days thereafter plaintiff executed the deed in controversy. Appellant having acquired all of the property involved in the partition suit, this suit was dismissed. The case at bar was brought on the 25th of April, 1916. Plaintiff bases his claim to a cancellation of the deed on the fact that it was executed without consideration; that he was intoxicated at the time when the deed was executed, and that he was the victim of fraud, artifice and imposition on the part of appellant. Shortly after the bringing of this suit, and on the 8th of May, 1916, a deed was placed of record in Baker County whereby appellant transferred the property in dispute to O. C. Olsen. A supplemental complaint was filed joining Olsen as a party defendant, and subsequently, and under date of July 1, 1916, Olsen reconveyed to appellant. No answer was filed by Olsen, nor was he called as a witness. The findings of the lower court were in accord with plaintiff's contentions, and a decree was entered setting aside the deed and giving plaintiff judgment against appellant for $1,400, being the value of the automobile, and $500 being the value of the furniture and household goods. This personal property had been taken out of the state by appellant, and the only relief which an Oregon court could give plaintiff

was a money judgment for the value of the property. The defendant Alta E. Toney appeals.     AFFIRMED.

For appellant there was a brief over the names of *Messrs. Cordiner & Cordiner* and *Mr. Orville B. Mount,* with an oral argument by *Mr. J. B. Cordiner.*

For respondent there was a brief over the names of *Mr. Joseph J. Heilner* and *Mr. James H. Nichols,* with an oral argument by *Mr. Heilner.*

MR. JUSTICE McCAMANT delivered the opinion of the court.

Appellant's explanation of the execution of the deed in controversy is that plaintiff sought an interview with her on the morning of September 6, 1915; that he expressed a desire that appellant should have all of the property involved in the partition suit, stating that he had not treated her properly during their married life. She claims that the deed was executed pursuant to this understanding, and that plaintiff thoroughly understood its import. Plaintiff claims that an arrangement was entered into between the parties on this same day for the settlement of the partition suit, appellant to take two houses, including the one in which the parties had been living, and plaintiff to take the remainder of the property. Plaintiff testifies that he suggested that the parties should go over to the bank in Haines and execute the necessary deeds; that appellant refused to do this, insisting that the papers should be made out by her attorney at La Grande; that on the following day the parties went to La Grande and that appellant fraudulently prepared a deed covering all of the property involved in the partition suit, the household furniture and effects, and

plaintiff's automobile as well. Plaintiff further claims that while he was under the influence of liquor he was induced to sign the deed without reading it, under the belief induced by appellant that the deed was operative merely to convey to appellant that portion of the real property which she was to receive under the verbal agreement entered into for the settlement of the partition suit.

The deed recites a consideration of $1 and other valuable considerations. Appellant contends that this recital is binding on plaintiff, and that evidence is not admissible for the purpose of showing that the conveyance was executed without consideration. In support of this contention the case of *Finlayson* v. *Finlayson,* 17 Or. 347 (21 Pac. 57, 11 Am. St. Rep. 836, 3 L. R. A. 801), is cited. If this case sustains the contention of appellant in this regard, it must be deemed to be overruled by the later decisions of *Velten* v. *Carmack,* 23 Or. 282, 288 (31 Pac. 658, 20 L. R. A. 101), and *North American Securities Co.* v. *Cole,* 61 Or. 1, 6 (118 Pac. 1032). These later decisions establish the principle that where a deed is attacked on the ground of fraud or imposition the recital of a consideration therein is only *prima facie* evidence that the consideration has in fact been paid. A fraudulent grantee, in other words, cannot tie the hands of a court of equity by inserting in the deed such a recital contrary to the fact. This we understand to be the rule in other jurisdictions: 13 Cyc. 614; 17 Cyc. 651, 652, and cases cited. In this case there is no contention that a consideration was given plaintiff for the property described in the deed. The evidence indicates that the property was worth in the neighborhood of $6,000. Where property is conveyed without con-

sideration and the circumstances unequivocally rebut the presumption of a gift, equity will charge the grantee with a resulting trust in favor of the grantor: *Bennett* v. *Huston,* 33 Ark. 762; *Giffen* v. *Taylor,* 139 Ind. 573 (37 N. E. 392); *Myers* v. *Jackson,* 135 Ind. 136 (34 N. E. 810, 812); *Lingenfelter* v. *Ritchey,* 58 Pa. St. 485 (98 Am. Dec. 308); *McDermith* v. *Voorhees,* 16 Colo. 402 (27 Pac. 250, 25 Am. St. Rep. 286). This court is committed to a doctrine closely approaching that announced in the foregoing authorities: *Gray* v. *Beard,* 66 Or. 59, 68 (133 Pac. 791). Do the circumstances of this case clearly rebut the presumption that plaintiff intended to give the property in dispute to appellant? It appears from the testimony that both plaintiff and appellant had been previously married; that their married life was infelicitous; that the divorce suit was contested; that during the pendency of the suit plaintiff was obliged by the court to provide appellant with suit money; that immediately after the divorce decree appellant sued out execution thereon and compelled plaintiff to pay the money adjudged to be due her with accruing costs. The partition suit seems to have been brought by appellant without any effort to divide the property amicably. These facts would seem to preclude any contention that the relations between the parties were cordial at the time when the deed was executed in appellant's favor. The antagonistic relations of the parties are further emphasized by circumstances which transpired subsequently. In December, 1915, on the maturity of a note for $600 which plaintiff had given appellant, she assigned the note to one E. C. Tuckey, brought action thereon in Tuckey's name and attached an interest which plaintiff had in a millinery store. Thereafter appellant seized some clothing and personal

effects belonging to plaintiff, and to which appellant had no claim of any kind. She carried this property with her to Spokane, and demanded that plaintiff should pay her $50 as a consideration for its return to him. We have no hesitation in saying that the evidence in the case at bar forecloses any contention that plaintiff intended to present appellant with the property described in this deed. In so far as the case involves the real property, we think it clear that the decree of the lower court can be upheld under the doctrine of a resulting trust.

We also think that the evidence sustains plaintiff's contentions as to fraud and imposition. It appears by an overwhelming preponderance of the testimony that plaintiff for many years had been a drinking man; that his marital troubles drove him to excessive drinking in the summer of 1915; that he was under the influence of liquor more or less for a number of months at that time, and that by the 7th of September his system was so poisoned with alcohol as to make him an easy prey to the avarice of appellant. While appellant testifies that she saw but little of plaintiff during the summer of 1915, her testimony in this respect, as in other respects, is unbelievable. The parties were living at that time in the same house in the village of Haines. Appellant must have seen plaintiff every day, and must have been fully apprised of his habits and the mental condition arising therefrom. Appellant cites 17 Am. & Eng. Enc. of Law (2 ed.), 401. In this authority the following principle is announced:

"Where a person seeks to avoid responsibility for a contract on the ground of intoxication alone, it must appear that the drunkenness was so excessive that he was utterly deprived of the use of his reason and understanding, and was altogether incapable of knowing the effect of what he was doing."

This authority was called to the attention of this court in the case of *Fagan* v. *Wiley,* 49 Or. 480, 484 (90 Pac. 910). While the rule announced in the Encyclopedia was accepted as a correct statement of the law, it was also held in the above case that where a party under the influence of liquor purchases property at an exorbitant price the burden devolves on the vendor of showing the perfect good faith of the transaction. In this case we are dealing with a conveyance wholly without consideration. While the evidence fails to show that plaintiff was utterly deprived of the use of his reason and understanding at the time when he executed the deed, it does show that he was broken both mentally and physically as the result of continued excessive indulgence in drink. It appears that he had been drinking for an hour at Haines before he went with appellant to La Grande to execute the deed, and that while the deed was being prepared he was drinking mixed drinks in a saloon in La Grande. It further appears that when he returned to Haines after executing the deed later on the same day he was visibly intoxicated. The principle cited in the Encyclopedia of Law is also announced in Ruling Case Law. It is qualified, however, by the following language:

"It should be noted, however, that complete intoxication is necessary only when the contract is sought to be avoided on the ground of mental incapacity. Where the avoidance is sought on the ground of fraud, even partial intoxication may be sufficient if it was brought about by the act or connivance of the other party or if an undue advantage was taken of the intoxicated person": 6 R. C. L. 598.

We think this case is clearly one wherein appellant took advantage of an intoxicated person, pursuant to

a design to despoil him of substantially all he had in the world.

Inadequacy of consideration may be so gross as to shock the conscience and in such case equity will seize on slight circumstances of fraud and oppression as a ground for setting aside the transaction: 4 R. C. L. 501; *Archer* v. *Lapp,* 12 Or. 196, 202 (6 Pac. 672) ; *Sherman* v. *Glick,* 71 Or. 451, 461 (142 Pac. 606). This principle is applicable to a transfer of property without any consideration to support it, where the relations of the parties preclude the conclusion that a gift was intended. The evidence clearly shows that plaintiff remained ignorant of the contents and effect of this deed for months after its execution.

There are other circumstances in the record which strongly tend to prove appellant's bad faith. Although plaintiff's automobile was transferred to appellant by the deed in question plaintiff continued to use the automobile for approximately two months after the execution of the deed. At the end of that time appellant drove the automobile to La Grande and executed a bill of sale thereof in favor of her attorney. The testimony on appellant's behalf is that the bill of sale was given to secure a fee of $75 which she owed her attorney, but it also appears that appellant was in funds and able to pay any debt of that size which she owed; also that her attorney was advised of her circumstances and knew that she was solvent and that any claim he had against her was good without security.

We are satisfied from the evidence that the deed executed by appellant in favor of the defendant Olsen was executed with intent to put the property out of the reach of plaintiff. It appears that the deed was antedated, and the circumstances suggest that it was exe-

cuted immediately after plaintiff received her copy of the summons and complaint in this case. Her explanation of the transaction is unbelievable and the ingenuity of her counsel has been able to suggest nothing which can account for this deed on any other theory than that above suggested.

Appellant's effort to cover up the property and thus to deprive plaintiff of his remedy discredits appellant's contentions. The evidence amply sustains the findings and conclusions of the lower court. The decree of the lower court is affirmed.                   AFFIRMED.