Argued October 5, reversed and remanded November 28, 1922.

## FLETCHER *v.* YATES ET AL.

(211 Pac. 179.)

Descent and Distribution — Parent and Child — An "Advancement" can Exist Only in the Event of Death and at Least Partial Intestacy.

1. Gifts by parent to child cannot be deemed advancements, within Section 10131 et seq., Or. L., as long as the donor is alive, and in the event of death, there must be intestacy or partial intestacy, and hence, in an action by a parent against a child to recover the price of land conveyed by the former to the latter by a deed reciting a consideration of $2,000, in which action the answer, after a general denial, alleged that the conveyance was a voluntary one by way of "gift or advancement," a requirement by the court that defendant elect between gift and advancement, and an election to rely on advancement, introduced a spurious issue into the case.

Vendor and Purchaser—Under General Issue in Action for Price of Land, Grantee in Deed Could Disprove Liability.

2. In an action to recover the price of land conveyed by plaintiff to defendant by a deed reciting a consideration of $2,000, de-

fendant, under the general issue, but accompanied by an admission of the execution of the deed, was entitled to introduce any evidence which would disprove the statement of the complaint; the case not being one of confession and avoidance.

**Estoppel—Grantee Held not Estopped to Show That Deed was a Gift or Advancement.**

3. Section 798, Or. L., providing that there shall be a conclusive presumption of the truth of facts recited in a written instrument as between the parties thereto, but that the statute shall not apply to recitals of consideration, does not preclude a grantee from showing that the deed, though reciting a consideration of $2,000, was in fact a voluntary deed intended as a gift or advancement.

**Evidence—Recital in Deed of Payment of Consideration Held Admissible to Show Gift or Advancement.**

4. In an action by grantor against grantee to recover the consideration named in the deed, a recital in such deed that the consideration had been paid, even if not conclusive as against the grantor, was admissible in favor of the grantee on the issue whether the deed evidenced a gift or advancement.

**Evidence—Oral Admission of Gift of Land Held Admissible.**

5. In an action by a grantor against the grantee to recover the consideration recited in the deed, oral admission by plaintiff that he had made a gift of the land to the grantee was admissible.

**Vendor and Purchaser — Evidence That Deed Recited Payment of Consideration Admissible Without Plea of Payment.**

6. In an action by a grantor against his grantee to recover the consideration named in the deed, a recital in the deed that the consideration had been paid was admissible to support defendant's plea of a gift and denial of liability for the recited consideration, though payment was not pleaded in the answer.

**Appeal and Error — Review of Directed Verdict After Motion by Both Parties not Restricted, Where Court Improperly Limited Issues.**

7. The rule that if there is any evidence to sustain a verdict, directed after motion by both parties, it cannot be assailed as a finding of fact, is not applicable, where the court has improperly restricted the issues as to the party against whom the verdict is directed by compelling him to elect between defenses set up in his answer.

From Washington: GEORGE R. BAGLEY, Judge.

Department 1.

For appellants there was a brief over the names of *Mr. J. H. Kelley and Mr. Thomas H. Tongue, Jr.,* with an oral argument by *Mr. Kelley.*

For respondent there was a brief over the name of *Messrs. Hare, McAlear & Peters,* with an oral argument by *Mr. R. F. Peters.*

BURNETT, C. J.—In substance, the complaint is that on June 6, 1919, the plaintiff conveyed certain lands in Washington County to the defendants for the consideration of $2,000; that they agreed to pay that amount to the plaintiff in cash upon the delivery of said deed; that the deed was delivered at that date and recorded; but that the defendants have failed, neglected and refused to pay the money or any part thereof. The defendants admit that on the date mentioned the plaintiff executed and delivered to them a deed conveying the real property in question, in which instrument a consideration of $2,000 was mentioned, but they deny that the actual consideration was that amount of money or any other sum, and deny that they promised or agreed to pay any money to the plaintiff.

For affirmative matter in their answer the defendants disclose that they are husband and wife and that the wife, Lela Yates, is the plaintiff's daughter. They aver that in 1908 the plaintiff and his wife, the mother of the defendant Lela, resided at Sherwood in Washington County, and the defendants were living at Kellogg, Idaho; that at the request of the plaintiff and upon his promise that he would leave to the defendants all of his property, they moved from Kellogg, Idaho, some time in March, 1908, to Sherwood, and took up their residence upon a place adjoining the home of plaintiff and his wife; that from that time forward until February 28, 1918, they administered to the wants and comforts of plaintiff and his wife, who both were advanced in years; and that after the death of plaintiff's wife he resided

with them upon the premises in controversy, from March 1, 1918, until July 28th of the following year. The concluding allegation of the answer is as follows:

"That on the 6th day of June, A. D. 1919, and for the purpose of making a gift and advancement to the above named defendant, Lela Yates, his daughter, the above named plaintiff voluntarily made, executed and delivered to these defendants, for the considerations above mentioned and not otherwise, the deed mentioned in plaintiff's complaint, conveying to these defendants the property mentioned in plaintiff's complaint, and that these defendants ever since have been and now are the owners in fee simple of and in possession of said premises."

The plaintiff moved to strike out the defendants' amended answer, but the court denied the motion, requiring them, however, to elect whether they would rely as a defense upon a gift or an advancement, and they chose to rely upon the latter. After some minor denials of new matter in the answer not important to be considered, the reply concluded with a traverse of all of the paragraph with which the answer concluded and which is above quoted. The plaintiff offered the deed mentioned in evidence, which was admitted without objection. The opening clause of that paper is as follows:

"Know all men by these presents that David Fletcher, widower, of Sherwood in the State of Oregon, in consideration of Two Thousand Dollars to him paid by Lela Yates and John E. Yates, wife and husband, of Sherwood, in the State of Oregon, do hereby grant, bargain, sell and convey unto said Lela Yates and John E. Yates their heirs and assigns all the following bounded and described real property," etc.

He also testified to the effect that he executed the deed and delivered it to the defendants; and that they were to pay him $2,000 therefor. The defend-

ants moved for a nonsuit at the close of the plaintiff's case in chief, but this was denied. In defense they offered much oral testimony of witnesses to whom the plaintiff had said that he had given the land in question to his daughter and her husband. At first, the court admitted this testimony, but afterwards struck it all out and refused to admit any other testimony of the same kind. This, in various forms, is the principal assignment of error made by the defendants.

At the conclusion of the whole testimony, the defendants moved the court to direct the jury to find a verdict in their favor, and this was denied. The plaintiff also moved for a directed verdict according to the prayer of his complaint, and this was allowed. From the ensuing judgment the defendants appeal.

The law in this state respecting advancements is part of the act of October 24, 1864, entitled "An act to regulate the descent of real property and the distribution of personal property of deceased persons." It was first codified as Chapter 10 of the General Laws of Oregon, as compiled by the late Judge DEADY. It is found in Sections 7, 8, 9, 10, 11 and 12, Title 3 of that Chapter. Section 7 declares in substance that any property, real or personal, that may have been given by the intestate in his lifetime as an advancement to any child shall be considered as part of his estate in respect to the distribution thereof among his issue, and shall be taken by such child toward his share of the intestate's estate. The succeeding section lays down the rule that if the amount of the advancement exceeds the share of the heir so advanced, such heir shall be excluded from any further share or portion in the division or distribution, but shall not be required to refund any part of such advancement; and if the amount so received

shall be less than his share, such heir shall be entitled
to so much more as will give him his full share or por-
tion of the intestate's estate. Section 9 relates to the
valuation of real property. Section 10 is the one
deemed most important in this examination, and
reads thus:

"All grants and gifts shall be deemed to be made
in advancement if so expressed in the grant or gift,
or if so charged, in writing, by the intestate, or
acknowledged, in writing, to be so made by the child
or other descendant to whom it is made, and not
otherwise."

The other sections treat of matters not here in-
volved. All of them appear in Sections 10131 et seq.,
Or. L. It will be noted that these provisions relate
to the descent of real property of an intestate, as the
title of the original act indicates.

1. In all cases two things must concur to work
out the result of advancement. First there must
be a gift from a living parent to a living child;
and, second, this must be followed by the in-
testacy of the ancestor. "Gifts by a parent to
a child cannot be deemed advancements so long as
the donor is alive, because it is merely as auxiliary
to the distribution of decedents' estates that the ques-
tion is raised": 18 C. J. 918.

*Owsley* v. *Owsley,* 25 Ky. Law Rep. 1194 (77 S. W.
394), was a case between a living father as plaintiff
and his son and the wife of the latter as defendants,
in which the former contended that gifts from him
to the son were to be treated as advancements. The
court there said:

"Strictly speaking, whatever may have been the
nature of the payments made by the appellant [the
father], and whatever may have been his purpose
at the time, they cannot be 'advancements' so long

as the appellant is alive. An advancement is that bestowment of property by one standing *in loco parentis* to another in anticipation of the latter's share in the donor's estate. It may in one sense be a gift. But its treatment in law as an advancement depends upon two facts—one, that the donor shall die intestate, totally or partially; the other, that the gift shall have been in fact with a view to a portion or settlement in life upon the donee. * * Though the donor may have intended it as a gift, not to be charged in the settlement of his estate, it will nevertheless be treated as an advancement, if he die intestate, if it is in fact of the nature fixed by the statute. The donor's purposes in the matter can be made effectual only by his leaving a will disposing of all his estate, and therein treating of the gift. Still that transfer by the parent which may or may not be an advancement need not create a debt, either'': *Biedler* v. *Biedler,* 87 Va. 200 (12 S. E. 753); *Grattan* v. *Grattan,* 18 Ill. 167 (65 Am. Dec. 726); *Gilmore* v. *Jenkins,* 129 Iowa, 686 (106 N. W. 193, 6 Ann. Cas. 1009); *Jaques* v. *Swasey,* 153 Mass. 596 (27 N. E. 771, 12 L. R. A. 568); *Needles* v. *Needles,* 7 Ohio St. 432 (70 Am. Dec. 85); *Allen* v. *Allen,* 13 S. C. 512 (36 Am. Rep. 716).

The doctrine is that an advancement is not called into operation as such until the donor shall have died at least partially intestate. It affects only the distribution of the estates of intestates. Until the death of the donor intestate shall have happened, the property can only be a gift from a parent to a child, or at least to one toward whom he occupies the place of a parent, as taught by some of the precedents. Primarily it is always a gift which may or may not ripen into an advancement, as the *post-mortem* event of intestacy may prove. The result of this is, that the requirement of the court that the defendants elect whether they would rely upon gift or advancement injected into the case a spurious issue. As

well might an election have been directed, if the
answer had stated that the purpose was to make "a
gift and present," during the lifetime of the donor.
Therefore, gift and advancement are synonymous
for all legal purposes involved in this case, between
living parties. Further, though a parent may convey
land to a child and state in the deed, as required by
the statute, that it is intended as an advancement,
yet by a subsequent will he may not only confirm
this gift but also give to the donee all or part of
his other property, which *per se* would obviate any
question about advancement, because the will itself
would constitute a distribution of the decedent's
property to the exclusion of the statutory scheme
governing in cases of intestacy. In this case the
donor had not died intestate, and the question of
advancement had no place in the consideration of the
issue, other than any other gift.

The position of the Circuit Court seems to have
been that inasmuch as the statute, codified as Sec-
tion 10134, Or. L., required in effect that advance-
ment could be proved only by a writing, the defend-
ants must be held strictly to their election to prove
advancement, and that, only by written evidence.
But as we have seen, the question of advancement
can arise only in the distribution of the estate of an
intestate. "Advancement" as such was *coram non
judice.*

2. The case made by the plaintiff is one in which
he brings an action against his grantees to recover
the purchase price of land conveyed by him to the
latter. He avers a sale of the land and a promise
by the defendants to pay the price named as a con-
sideration, notwithstanding he has said in his deed
that the consideration has been paid to him. The
defendants deny the promise, making it incumbent

upon the plaintiff to prove his averment in that respect. Under the general issue, the defendants were entitled to introduce anything in evidence which would disprove the statement of the complaint. This is not a case of confession and avoidance. The matter might have been litigated upon the general issue of "promise to pay or not."

3. The argument of the plaintiff is, that having accepted the deed which names a consideration of $2,000, the defendants are bound to pay that amount of money; in other words, it is in effect equivalent to saying that they are estopped to deny the consideration or to deny that there was a sale with promise to pay. But no estoppel is pleaded, and it is difficult to understand how the defendants could be estopped on that point by a deed which in one breath recites a consideration of money and in the very next says that it has been paid. The question is this: Does the recital of the consideration so conclude the defendants that they cannot prove that in fact the conveyance was a gift of the land? Is it an effort on their part to impeach the recital of a valuable consideration by showing that the conveyance was a gift dependent upon a good consideration, as love and affection?

In *Scoggin* v. *Schloath*, 15 Or. 380 (15 Pac. 635), it is said in substance that a consideration different in kind from that expressed in a deed cannot be proved, and this is followed in *Savage* v. *Scroggin*, 83 Or. 51 (162 Pac. 1061). The first of these cases was an effort to set aside a deed as fraudulent in prejudice of creditors. The other was a suit to enjoin the sale of the plaintiff's land under an execution on a judgment against his grantor; in both of which it was held that the parties were bound by the

kind of consideration asserted in the deed and could not prove a good consideration where a money one was mentioned as the supporting consideration for the deed. In both cases the contention was between parties one of whom was not mentioned in the deed in question. Here it is between the original parties to the instrument. In *Velten* v. *Carmack,* 23 Or. 282 (31 Pac. 658, 20 L. R. A. 101), the dispute related to a deed from a father to his daughter. The rule was there laid down by Mr. Justice MOORE thus:

"So oral testimony is admissible to show that a deed expressing a money consideration was in fact an advancement. Such testimony is offered not for the purpose of contradicting the recitals of the deed, but to show, in a settlement among the heirs, that one or more has already received a certain amount by way of advancement, and should not now have an equal share of the remainder of the estate. * * In the case at bar, Robert Gilbert intended to give to his daughter this tract of land. He inserted a consideration expressed in money, but that too came from him. The real consideration, the one thousand dollars, was a donation from him to his daughter; and the same having been expended or exchanged for the land, as evidenced by the conveyance, makes the property acquired no less a gift. It was competent under the rule laid down in *Brummett* v. *Weaver,* 2 Or. 170, for the respondent to show, in order to support his title, that the real consideration was a gift, and that this could be traced through all the transactions into which it had entered."

This case was cited with approval in *Clark* v. *Hindman,* 46 Or. 67 (79 Pac. 56); *Houston* v. *Greiner,* 73 Or. 304 (144 Pac. 133); *Toney* v. *Toney,* 84 Or. 310 (165 Pac. 221); *Gress* v. *Wessinger,* 88 Or. 625 (172 Pac. 495).

It is said in Section 798, Or. L.:

"The following presumptions and no others are deemed conclusive: * *

"3. The truth of the facts recited from the recital in a written instrument, between the parties thereto, their representatives or successors in interest by a subsequent title; but this rule does not apply to the recital of a consideration."

4. By implication at least, the recital of the consideration is excluded from the conclusiveness of this presumption. In other words, it is left open to inquiry. It is not necessary to decide whether or not there is a conclusive recital of payment. At least the recital in that behalf is entitled to be introduced in evidence against the grantor, under the authority of *North American Securities Co.* v. *Cole,* 61 Or. 1, 6 (118 Pac. 1032). In effect, following *Velten* v. *Carmack, supra,* it is not disputing the recital of the consideration by showing that the transaction was a gift. In other words, the defendants were entitled to show that the plaintiff gave them a present with a price tag of $2,000 attached to it.

5. Having asserted their promise to pay, the plaintiff's oral admissions that he had given the property to them would be admissible as against his own interest, tending to rebut his own present testimony.

6. Moreover, the statement in the deed that the defendants had paid, would be admissible in support of their denial, although they do not affirmatively plead payment, because the jury would be thereby entitled to find that it is not probable they would promise to pay an amount they had already paid.

7. It is true that in the end each party moved for a directed verdict in his own favor and thereby waived the right of trial by jury, giving the trial judge the exclusive authority to pass upon the weight of the testimony: *Patty* v. *Salem Flouring Mills Co.,*

53 Or. 350 (96 Pac. 1106, 98 Pac. 521, 100 Pac. 298). Ordinarily a verdict thus directed cannot be assailed as a finding of fact, if there is any evidence to sustain it. But this does not obviate the errors committed by the court in producing a state of the testimony as it existed when those motions for a directed verdict were made. The defendants were deprived of the value of the admissions against his own interest made by the plaintiff, to the effect that he had given the property to the defendants.

In brief, the election compelled by the court, based upon the new matter in the answer, did not conclude the defendants when operating under the general issue as against the allegation of the complaint, from proving under the doctrine of *Velten* v. *Carmack, supra,* that the plaintiff instead of selling them the land at a price had given it to them, placing a value upon it at the consideration made. Their acceptance of his deed in which he recites that the consideration mentioned therein has been paid by the defendants does not prevent them from showing the real truth under the general issue, in which he charges and they deny that they promised to pay. The judgment of the Circuit Court is reversed and the cause remanded.    REVERSED AND REMANDED.

McBRIDE, HARRIS and RAND, JJ., concur.